**UNITED STATES of America,**
**Appellee,**

v.

**Jerome RAWLINS, Appellant.**

**No. 20455.**

United States Court of Appeals,
Eighth Circuit.

March 29, 1971.

**1044**

Patrick J. Foley, Rerat, Crill, Foley & Boursier, Minneapolis, Minn., for appellant.

Robert G. Renner, U. S. Atty., Minneapolis, Minn., for appellee.

1. Set out in Appendix A.

Before MEHAFFY and ROSS, Circuit Judges, and STEPHENSON, District Judge.

STEPHENSON, District Judge.

Appellant appeals from the judgment and conviction entered upon his plea of guilty and the trial court's denial of his motion to withdraw his plea of guilty filed herein prior to the imposition of sentence.

The record essential to a determination of the issues presented on this appeal is as follows: (1) On March 13, 1970, appellant plead not guilty to all six counts of an indictment charging him with unlawfully possessing and passing counterfeit money; (2) at that time the trial court, the Honorable Earl R. Larson, United States District Judge, District of Minnesota, advised appellant that trial would commence in about two weeks; (3) on April 1, 1970, appellant appeared before Judge Larson, accompanied by his retained counsel, and asked leave of court to withdraw his plea of not guilty to Count I of the indictment and to enter a plea of guilty to the same count; (4) the Court then addressed the appellant personally and interrogated him concerning whether the plea was made voluntarily, with understanding as to the nature of the charge and the consequences of the plea;[1] (5) the Judge's interrogation of the appellant was then, upon invitation of the Court, supplemented by interrogation by the Assistant United States Attorney with some questions also being asked by appellant's counsel;[2] (6) as a result of the Court's personal interrogation, the appellant stated that he entered his plea of guilty to Count I "voluntarily" and "willingly"; that no threats or coercion or promises had been made to him by any representative of the Government; that he was 34 years of age and had two years of college; that he understood the nature of the charge, and in his own words: "I feel I am charged with possession of counterfeit notes, your Honor;" that he

2. Set out in Appendix B.

understood the maximum penalty was a fine of $5,000 or 15 years imprisonment; (7) in response to inquiry by the Assistant United States Attorney the appellant affirmed in more detail that he possessed the counterfeit notes on the approximate date charged in the indictment; that he intended to purchase money orders with them; that he understood: (a) his rights to trial by jury; (b) the burden of proof on the Government to prove each and every element of the crime; (c) the presumption of innocence; (d) his rights to take the stand or not to; and (e) his rights to produce evidence and cross examine; (8) thereupon, the Court directed that the plea of guilty to Count I be entered and deferred sentencing pending a presentence investigation and report and continued appellant's bond previously posted; (9) on May 26, 1970, at the time fixed for sentencing, appellant through his counsel filed written motion to withdraw his plea of guilty and to enter a plea of not guilty and stand trial thereon; (10) in an affidavit in support of said motion, appellant stated that his motion to withdraw his plea of guilty was based on the following facts:

"1. That he was unaware that the instruments, Twenty-dollar Federal Reserve Notes, were in fact forged and counterfeit.

2. That he was impressed by Secret Service Agents with the fact that any information given to them would be kept in confidence and would in fact not be used against him."

(11) on May 27, 1970, the Court conducted a hearing on appellant's motion to withdraw his plea of guilty. Appellant commenced the hearing by announcing through counsel that he would stand on the affidavit submitted in support of the motion. The Government then called the two Secret Service Agents who had interrogated appellant before and after the indictment was filed herein. The latter interview took place after appellant entered his plea of guilty and was conducted in the presence of appellant's counsel. Appellant then testified

in rebuttal; (12) on May 27, 1970, Judge Larson announced his findings " * * * I find that the plea of guilty was voluntarily, advisedly, intentionally and understandingly entered, and I will therefore deny the motion to withdraw the plea of guilty to Count I of the indictment." The Court then proceeded with sentencing and imposed a six-year indeterminate sentence under the provisions of Title 18 § 4208(a) (2); (13) on June 5, 1970, appellant filed notice of appeal setting out the grounds of appeal as follows:

"1. That evidence was obtained by trick or artifice by Government Agents and that defendant was informed, by Government Agents, that it would not be used against him.

2. That defendant was advised to and did in fact, plead guilty upon advice of counsel, who was not informed as to how evidence was obtained until after the plea was entered."

(14) on June 16, 1970, the trial court denied appellant's motion for reduction of bond pending appeal and among other things noted that "the appeal is frivolous."

Appellant specifies one error in his brief as follows: "The Trial Court erred in allowing interrogation with respect to the truth of the appellant's confession." (Said interrogation took place during the hearing on defendant's motion to withdraw his plea of guilty). However, a fair reading of his entire brief indicates appellant's principal complaint on this appeal is that the trial court abused its discretion in refusing to allow appellant to withdraw his plea of guilty before sentencing despite the fact that he "disavowed the volition incident to the [oral] confession." In substance, appellant claims in this appeal that Government agents obtained information (an oral confession) from him under the guise and promise that the same would be kept in confidence and not be used against him.

In considering appellant's claims we observe that a defendant has no ab-

solute right to withdraw a plea of guilty before sentence. Allowance of the same is within the sound discretion of the trial court which will be reversed only upon a finding of an abuse of that discretion. Pitt v. United States, 378 F.2d 608, 611 (8th Cir. 1967); Hughes v. United States, 371 F.2d 694 (8th Cir. 1967); Smith v. United States, 359 F.2d 481, 483 (8th Cir. 1966).

Before accepting a guilty plea the trial court must comply with Rule 11 of the Federal Rules of Criminal Procedure as follows: " * * * The court may refuse to accept a plea of guilty, and shall not accept such plea * * * without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. * * * The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." McCarthy v. United States, 394 U.S. 459, 463–464, 89 S.Ct. 1166, 1169, 22 L.Ed.2d 418 makes it abundantly clear "that a defendant is entitled to plead anew if a United States district court accepts his guilty plea without fully adhering to the procedure provided for in Rule 11." [3] The record establishes that the District Judge complied with Rule 11. He addressed the defendant personally and made the requisite inquiries. In addition, the Court invited the Assistant United States Attorney to make supplemental inquiry of the defendant. The latter was more detailed in some areas and, when added to the Judge's personal inquiry, it fully developed a record that demonstrates appellant's plea

of guilty was freely and intelligently made with full knowledge of the consequences thereof and that there was a basis for the plea.[4]

■ Appellant's complaint that a Secret Service Agent tricked him into giving information under the guise that the same was confidential and would not be used against him and that appellant's counsel advised appellant to plead guilty without being informed as to how such evidence was obtained, is without merit. We have already found that appellant's guilty plea was accepted by the trial court after full compliance with Rule 11, Federal Rules of Criminal Procedure. Once it has been established that Rule 11 has been fully complied with the occasion for setting aside a guilty plea should seldom arise. This record demonstrates the soundness of Rule 11. In this instance, since judgment had not been imposed, the Court properly granted a hearing on defendant's motion to withdraw his plea of guilty. Despite compliance with Rule 11, there remained a slight possibility that the defendant may not have understood all of the essential elements of the crime. Compare *McCarthy, supra,* Fn. 20 at 467, 89 S.Ct. 1166. However, the post-plea hearing demonstrates the frivolity of appellant's claim in this regard.

■ Appellant's further claim that the Court erred in permitting counsel for the Government to cross-examine appellant regarding the falsity of his affidavit is frivolous. And his claim that he was tricked into orally admitting certain matters and that the same prompted his plea of guilty is equally devoid of merit and requires no discussion.

---

3. *McCarthy* applies to guilty pleas entered after April 2, 1969. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). It has been so applied in this Circuit, United States v. Cody, 438 F.2d 287 (8th Cir. 1971).

4. We note that in the hearing on appellant's motion to withdraw his guilty plea, appellant admitted he knew the notes were forged and counterfeit. In *McCarthy* at 394 U.S. p. 470, 89 S.Ct. p. 1173, it

is observed that "There is no adequate substitute for demonstrating in the record at the time the plea is entered the defendant's understanding of the nature of the charge against him." The facts developed at the hearing held on appellant's motion to withdraw his plea of guilty substantiates the correctness of the trial court's previous determination to accept the guilty plea and further supports the conclusion that there was a factual basis for the plea.

In summary we find: (1) that the trial court complied with Rule 11 in this case; (2) that supplemental inquiry of the defendant by counsel on the record before the plea is accepted by the Court, although not a substitute for the duties of personal interrogation required of the Court by Rule 11, is helpful in developing a record that will demonstrate that defendant's plea of guilty is an informed plea, voluntarily given, with full knowledge of the consequences, and that there exists a factual basis for the plea;[5] (3) that the evidence presented at the hearing on appellant's motion to withdraw his guilty plea when considered in light of the record made at the time appellant entered his guilty plea demonstrates the frivolity of appellant's claims; (4) the trial court did not abuse its discretion or commit error in denying defendant's request to withdraw his guilty plea.

The judgment of conviction is affirmed.[6]

## APPENDIX A

THE COURT: And you do wish, Mr. Rawlins, to enter a plea of guilty to Count 1?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you discussed this matter thoroughly with your counsel, Mr. Bialick?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: Mr. Bialick, have you discussed the matter thoroughly with Mr. Rawlins?

MR. BIALICK: I have, Your Honor, and fully advised him of all of his rights.

THE COURT: And do you enter your plea of guilty to Count 1 voluntarily, Mr. Rawlins?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you do it willingly?

THE DEFENDANT: Yes, sir.

THE COURT: Have any threats or coercion or promises been made to you by the office of the United States Attorney for any other Governmental representative?

THE DEFENDANT: No, Your Honor.

THE COURT: And what is your age, Mr. Rawlins?

THE DEFENDANT: Thirty-four.

THE COURT: What is the extent of your education?

THE DEFENDANT: Two years of college.

THE COURT: Do you understand the nature of the charge against you in Count 1 of the indictment?

THE DEFENDANT: Yes, sir.

THE COURT: And what, specifically, do you feel that you are charged with?

THE DEFENDANT: I feel that I am charged with possession of counterfeit notes, Your Honor.

THE COURT: Is that the charge in Count 1, Mr. Shapiro?

MR. SHAPIRO: Yes, it is, Your Honor.

THE COURT: And do you understand, Mr. Rawlins, that Congress has imposed a maximum penalty for an of-

5. The Bench Book For United States District Judges (United States v. Cody, *supra*, Appendix) is helpful in developing a full record. However, a large number of arraignments covering a variety of crimes, may lead to an inadvertent oversight of an essential element of a particular crime. Government counsel will be more familiar with the charge and the circumstances indicating defendant's guilt. Controversy may have developed prior to entry of the plea over a confession, sei- zure of evidence, defendant's health and use of drugs, and many other factors which might affect defendant's plea. In short, supplemental inquiry can be very helpful to the Court in discharging its duties.

6. Each case of this kind must stand on its own factual basis. We do not believe that the holding in *Cody* has a factual parallel or effective application here. The facts in this case as set forth in the Appendix distinguish it from *Cody*.

fense of this kind of a fine of $5,000, or 15 years' imprisonment, or both?

THE DEFENDANT: No, Your Honor, I wasn't aware of that.

THE COURT: Well, it is the maximum penalty, isn't it, Mr. Shapiro?

MR. SHAPIRO: That's correct, Your Honor.

THE COURT: That is the maximum penalty, Mr. Rawlins. Do you now understand that that is the maximum penalty?

THE DEFENDANT: Yes, sir.

THE COURT: A fine of $5,000, or 15 years' imprisonment, or both?

THE DEFENDANT: Yes, sir.

### APPENDIX B

THE COURT: Is there any other inquiry you wish to make, Mr. Shapiro?

MR. SHAPIRO: Yes, Your Honor.

(To the Defendant) Mr. Rawlins, you had possession of counterfeit money, and about when did you have that money?

THE DEFENDANT: Well—

MR. SHAPIRO: The indictment charges the 4th day of October in the year 1969.

THE DEFENDANT: All right, about the 4th of October.

MR. SHAPIRO: Is that the approximate date?

THE DEFENDANT: That's approximate.

MR. SHAPIRO: Now, what were you going to do with that money? (No answer.) You didn't just have it to hold onto it, is that correct? Do you understand what I'm getting at?

THE DEFENDANT: No.

MR. SHAPIRO: Well, what did you do with the money? (Pause.) Well, did you pass any of the money?

THE DEFENDANT: You mean, was the money in my possession? First of all, was it my money? Is that what you're asking?

MR. SHAPIRO: Well, you had some counterfeit money, is that correct?

THE DEFENDANT: All right.

MR. SHAPIRO: And it was in your possession?

THE DEFENDANT: Right.

MR. SHAPIRO: What were you going to do with the money?

THE DEFENDANT: Well, it wasn't my money to do anything with, you know. This is not my money. You're talking about something that doesn't belong to me.

MR. BIALICK: May I inquire, Mr. Shapiro?

MR. SHAPIRO: Yes.

MR. BIALICK: Mr. Rawlins, you had nine counterfeit $20 bills in your possession at or near the store, is that not so?

THE DEFENDANT: Correct.

MR. BIALICK: And it was your intention to purchase money orders with these nine $20 bills?

THE DEFENDANT: That's correct.

MR. SHAPIRO: You understand, Mr. Rawlins, that you have a right to have this case tried by a jury composed of 12 members and that they must reach a unanimous verdict as to your guilt or innocence?

THE DEFENDANT: Correct.

MR. SHAPIRO: You understand that the Government has the burden of proof in this case and that the Government must prove each and every element in the crimes alleged beyond a reasonable doubt?

THE DEFENDANT: Correct.

MR. SHAPIRO: You understand that the Government—that you are presumed innocent until that presumption is overcome by the Government's evidence?

THE DEFENDANT: Correct.

MR. SHAPIRO: You understand that you are not required to take the stand in your own behalf in any criminal case and that the jury may draw no inference from your failure to take the stand?

THE DEFENDANT: Correct.

MR. SHAPIRO: You understand that you have a right to place in evidence any matters that you think are relevant

and to cross-examine any witnesses? Do you understand that?

THE DEFENDANT: Yes, sir.

MR. SHAPIRO: Do you understand that although you have the right to place matters in evidence, you are not required to do so?

THE DEFENDANT: Correct.

MR. SHAPIRO: I have no further questions.

THE COURT: Very well. The plea of guilty to Count 1 in the indictment will be entered.