Victor Arture COLBERT, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 57001.

Supreme Court of Missouri,
Division No. 2.

Nov. 13, 1972.

Patrick Horner, Auxvasse, for movant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant was charged in the Circuit Court of Callaway County, Missouri, with armed robbery, burglary and stealing.

On November 11, 1969, appellant entered pleas of guilty, and on February 16, 1970, was sentenced to twenty years on the robbery charge, five years on the burglary charge, and five years on the stealing charge, with said sentences to run concurrently.

On October 14, 1970, appellant filed in the Circuit Court of Callaway County, Missouri, his motion to vacate under V.A.M.R. 27.25 and 27.26, amended the motion on April 8, 1971, and an evidentiary hearing was held on April 8, 1971. The motion to vacate was denied and an appeal to this Court followed.

■ The appeal having been taken to this Court prior to January 1, 1972, the effective date of new Article V of the Constitution, we have jurisdiction pursuant to then Art. V, § 3 of the Missouri Constitution, V.A.M.S.

The essence of appellant's petition for relief is that, for various reasons stated in his motion, he should be permitted to withdraw the pleas of guilty entered and accepted on November 11, 1969. This case, *because of the record made by the trial court on said date* (Cf. Flood v. State, Mo.Sup., 476 S.W. 2d 529, 535, 536; United States v. Cody, 8th Cir., 438 F.2d 287), presents this Court with an opportunity to eliminate from post-conviction judicial process in Missouri much unnecessary and time-consuming activity.

In State of Missouri v. Turley, 8th Cir., 443 F.2d 1313, at 1318 (cert. den., 404 U.S. 965, 92 S.Ct. 336, 30 L.Ed.2d 284), the United States Court of Appeals, Eighth Circuit, said:

"This Court has recently considered the duties of a Federal District Court Judge under Fed.R.Crim.P. Rule 11 when accepting a guilty plea. See United States v. Rawlins, 440 F.2d 1043 (8th Cir. 1971); United States v. Woosley, 440 F.2d 1280 (8th Cir. 1971); United States v. Cody, 438 F.2d 287 (8th Cir. 1971). Rule 11 is, of course, not applicable in state proceedings. Nevertheless, once it has been estab-

lished that a state court has, at the time of accepting a guilty plea, elicited sufficient information from the parties so that the propriety of accepting the plea is established in a manner analogous to the dictates of Rule 11, and an adequate record is made thereof, the occasion for setting aside a guilty plea should seldom arise. United States v. Rawlins, *supra*. The ascertaining of such information and the recording thereof are not exercises in futility. United States v. Woosley, *supra*.

"It is worthy of note here that a minority of the Justices of the Supreme Court have indicated that in that minority's estimation, the Supreme Court has in effect fastened upon the states, as a matter of federal constitutional law, the requirements of Rule 11, Fed.R.Crim.P. See Mr. Justice Harlan, whom Mr. Justice Black joins, dissenting in Boykin v. Alabama, 395 U.S. 238, 245, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). It appears from the majority opinion in *Boykin* that an on the record examination conducted by the trial court accepting a guilty plea which includes, *inter alia,* an attempt by that Court to satisfy itself that the defendant understands the nature of the charges, his right to trial by jury, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences is sufficient to insulate the plea from subsequent attack in collateral proceedings."

We have reviewed the record made on November 11, 1969, and believe it is sufficient to show the pleas were "made voluntarily with understanding of the nature of * * * [each] charge" (V.A.M.R. 25.04); that the evidentiary hearing, held April 8, 1971, was not required by V.A.M.R. 27.26(e) because said record of November 11, 1969, conclusively shows that appellant is entitled to no relief; and that the record of November 11, 1969, is sufficient to *insulate* the convictions from subsequent attack in federal habeas corpus proceedings. (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.)

The judgment is affirmed.

All of the Judges concur.