**UNITED STATES of America,**
**Appellee,**

v.

**Earl B. BENSON, Appellant.**

**No. 72–1483.**

United States Court of Appeals,
Eighth Circuit.

Nov. 14, 1972.

---

Before MATTHES, Chief Judge, and HEANEY and STEPHENSON, Circuit Judges.

PER CURIAM.

This is a direct criminal appeal from a conviction and judgment entered by Judge Neville on a plea of guilty to Count II of an indictment which charges that appellant did willfully and knowingly attempt to evade and defeat income taxes in violation of 26 U.S.C. § 7201.

Immediately prior to sentencing appellant moved to withdraw his plea of guilty. Judge Neville denied the motion.

Under date of October 14, 1972, appellant wrote to this Court stating that he did not intend to employ legal services in this appeal, and inferentially requested a fair-minded investigator to visit his home and question his neighbors in order to appraise his capacity, or lack thereof, to keep adequate bookkeeping records.[1] He insists he plead guilty only upon the insistence of his retained counsel.

We have considered this appeal on its merits and in so doing have made a careful study of the entire record, including the transcript of the proceedings at the time appellant withdrew his plea of not guilty and entered a plea of guilty, and the later proceedings during which appellant attempted to withdraw his plea of guilty.

The record discloses that at the time this case was called for trial[2] appellant through his retained counsel indicated that he desired to withdraw his plea of not guilty to Count II of the indictment and enter a plea of guilty to that count. Appellant was charged in a three-count indictment. The trial court then directed that appellant be sworn and questioned with respect to his plea. The Assistant United States Attorney questioned appellant at great length with respect to his knowledge as to the possible penalties; the voluntariness of his plea, the waiver of his right to jury trial, and his right to cross examine all Government witnesses. Counsel also summarized the evidence it would produce with respect to appellant's guilt. Thereafter the trial court addressed appellant personally with respect to the voluntariness of his plea, his understanding of the nature of the charge, and the consequences of his plea, in full compliance with Rule 11, Federal Rules of Criminal Procedure. In addition, the record discloses, and the Court found, that there was a factual basis for the plea.

In United States v. Foosley, 440 F.2d 1280 at 1281 (CA8 1971) we said: "Rule 11 proceedings are not an exercise in futility. The plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same." We are abundantly satisfied that the trial court's denial of appellant's motion to withdraw his plea of guilty was not an abuse of discretion. United States v. Rawlins, 440 F.2d 1043, 1045–1046 (CA8 1971).

Affirmed.

---

1. This matter originally came before our administrative panel for possible appointment on our own motion of counsel to assist appellant in the prosecution of his appeal. Since it appeared that the appeal was entirely without merit, it was referred to a panel of our Court for disposition. See 28 U.S.C. Local Rules 2(c) and 9 (CA8 1971).

2. The jury panel was available, the Government had approximately 85 witnesses under subpoena.