**Leonard Dean PAULEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 57359.**

Supreme Court of Missouri,
Division No. 2.

Dec. 11, 1972.

Charles M. Cable, Kennett, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal by Leonard Dean Pauley from an order overruling his Criminal Rule 27.26 motion to vacate judgment of conviction and 12-year sentence for first degree robbery, entered on a plea of guilty. The circuit court summarily denied the motion without holding an evidentiary hearing, the order reading: "The Court finds from examination of the files of [sic] records, transcripts and motion, that Petitioner fails to set forth grounds for relief." We have jurisdiction because the appeal was taken prior to January 1, 1972. Art. V, §§ 3, 31, Constitution of Missouri, 1945, V.A.M.S.

The motion was based on (1) denial of petitioner's right to a preliminary hearing and (2) denial of effective assistance of counsel in that counsel (a) failed to point out to the circuit court that the magistrate judge failed to appoint counsel for him so he would have an opportunity to confront his accusers in the magistrate court; (b) failed to properly inform him of the charges against him; (c) failed "in his duty to inform the Court that, in return for Petitioner's plea of Guilty, Petitioner was to receive Parole," and (d) informed him that the most time he would receive would be 7 years' imprisonment.

"A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding." Geren v. State, Mo.Sup., 473 S.W.2d 704, and numerous authorities cited 1.c. 707[3].

■ This disposes of (1) and (2)(a) above and reduces the inquiry to whether the plea was involuntarily entered because of (2)(b), (c) and (d). The transcript of the proceedings at the time movant pleaded guilty conclusively shows that petitioner is entitled to no relief on the stated grounds. As to (2)(b): In the presence of petitioner and his counsel the court thoroughly explained the nature and details of the charge. The prosecuting attorney recited the facts in detail. Petitioner's answers and a volunteered statement made by him clearly demonstrate that he thoroughly understood what he was charged with and the possible consequences of a plea of guilty. No evidentiary hearing was required by Criminal Rule 27.26(e), V.A.M. R., because the transcript conclusively shows that appellant is entitled to no relief and is sufficient to insulate the plea of guilty from subsequent attack in collateral proceedings, under Boykin v. Alabama, 395 U.S. 238, 244, 89 S.Ct. 1709, 23 L.Ed.2d 274; State of Missouri v. Turley, 8 Cir., 443 F.2d 1313, 1318, and Colbert v. State, Mo.Sup., 486 S.W.2d 219 (decided November 13, 1972).

■ The meaning of contention (2)(c) above is not clear but we assume petitioner thereby intended to complain that counsel failed to request a parole. On this question the transcript shows that counsel informed the court that in consultations with his client the latter informed counsel that his problem was acute alcoholism; that petitioner told his counsel that he did not want to apply for probation or parole "because if he was put on probation or parole, this drinking problem would immediately arise again, and, therefore, he needs to be sent some place where they can keep him away from alcohol, and, therefore, he does not think it would be advisable to put him on probation or parole." Petitioner does not challenge the accuracy of the record demonstrating his rejection and reasons for rejecting probation and parole. Petitioner's claim of ineffective assistance of counsel falls on deaf ears where petitioner directed counsel not to do the very thing he now claims counsel failed to do.

 The allegation that counsel told petitioner that the most time he would receive would be 7 years' imprisonment, (2)(d) above, did not require an evidentiary hearing because, even if true, the record clearly shows that the court disabused petitioner of any such idea. Petitioner was thoroughly and fully informed that upon a plea of guilty to the charge of robbery, first degree, he could be sentenced "for a term of not less than five years." He was further informed that upon a plea of guilty his five-year suspended sentence on a conviction in Arkansas might be terminated and he be returned to Arkansas "after Missouri finishes with you." To the question "Has anyone told you or promised or suggested to you that you would receive a lighter sentence or probation or parole or any other favors to get you to say you are guilty of this charge?" petitioner answered "No, sir." To the question "You understand that any agreements or proposals between yourself, your attorney, and the Prosecuting Attorney are not binding on the Court, it's up to me to determine what to do in your case?" petitioner answered "Yes, I do." To the question "Do you have any questions you want to ask of me or statements to make to me before I act upon your plea of guilty?" petitioner answered "No, sir." To the question "And you are not pleading guilty under any duress, coercion, or compulsion, or because of any promises, inducements, or representations, is that correct?" petitioner answered "Yes, sir." When granted allocution petitioner was asked whether he had anything he wanted to say to the court before the court acted on this matter. Petitioner had nothing to say. He gave no cause or reason why sentence should not be pronounced. Neither in the presence of the court, nor in private interview with the officer of the state board of probation and parole in the course of the presentence investigation, did he mention the 7-year limit his attorney is now alleged to have placed on the punishment he would receive. We have concluded that this contention is an afterthought, thrown in his 27.26 motion for good measure.

Under the circumstances the motion, files and records of the case conclusively show that petitioner is entitled to no relief. No issues of fact were raised; the court properly denied an evidentiary hearing, properly ruled in summarily denying the motion, and the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and O'LEARY, Special Judge, concur.