**UNITED STATES of America,**
**Appellee,**

v.

**Ronald JOURNEY, Appellant.**

No. 72–1703.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 16, 1973.

Decided March 1, 1973.

No brief was filed by appellant.

Daniel Bartlett, U. S. Atty., and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., on brief for appellee.

Before LAY and BRIGHT, Circuit Judges, and NICHOL, District Judge.*

PER CURIAM.

This is an appeal from the denial of post-conviction relief sought by a federal prisoner under 28 U.S.C. § 2255. The petitioner asserts that his plea of guilty was not voluntary on the grounds that there were extraneous coercive circumstances which motivated his plea. The district court denied petitioner a hearing because his petition was too vague and was stated in conclusory terms. We affirm. In addition to the conclusory nature of the petition, other reasons appear on appeal which justify denial of relief. The circumstances stated in petitioner's brief on appeal allege different facts and conclusions than stated in his petition; additionally, petitioner has failed to allege facts which, *if true,* would entitle him to relief. Procunier v. Atchley, 400 U.S. 446, 91 S.Ct. 485, 27 L.Ed.2d 524 (1971). Many extrinsic circumstances may serve as motivation for a defendant to enter a plea of guilty and forego a jury trial. However, where the record demonstrates that a factual basis exists for the plea, that at the time of the guilty plea the defendant admitted that it was voluntarily and freely given without promises, and that Federal Rule of Criminal Procedure 11 was given full compliance, the petitioner then faces an uphill climb to overcome the consequences of the plea. As we observed in Langdeau v. South Dakota, 446 F.2d 507, 509 (8 Cir. 1971):

> "Petitioner's deliberate choice to waive trial cannot be easily eradicated years after the event. Many considerations may influence a defendant to plead guilty. However, these influences cannot serve to set aside a guilty plea made where counsel is present and the

---

* Sitting by designation.

defendant is shown to be capable of making a deliberate and knowing decision." [1]

Judgment affirmed.

1. In the present case, petitioner was represented by counsel at the time his guilty plea was made.