**Gregory McKNIGHT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD26220.**

Missouri Court of Appeals,
Kansas City District.

June 25, 1973.

Mark D. Johnson, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and WASSERSTROM, JJ.

SWOFFORD, Judge.

This is an appeal from a judgment and order of the court below entered on May 25, 1972, denying appellant's motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. Upon a plea of guilty, the appellant was sentenced on April 3, 1971 to five years for stealing from the person. He urges that the court below erred in denying him relief under his motion for two reasons. *First,* the guilty plea was not voluntary in the legal sense because it was induced by the false promise of his attorney that such plea would result in probation or at most a sentence of one year in the county jail. *Second*, he was denied effective assistance of counsel because his lawyer failed to investigate the case except for several personal interviews with the defendant himself.

We have before us the transcript of the proceedings on January 28, 1971, when the guilty plea was entered, and it is therein conclusively shown that the defendant and some friends on November 13, 1970 at the Country Club Plaza in Kansas City, Missouri snatched the pocket book of a lady named Donna Bishop; although defendant denied that he personally snatched the pocket book, he was present and was immediately apprehended "down the street a little" from the scene; that he admitted his

guilt at police headquarters; that his counsel had advised him of the penalties that could be imposed on the charge, that he was entitled to a jury trial, and that a trial could result in acquittal. He further stated that he was not under the influence of narcotics or alcohol at the time of the stealing and that he had never had any mental problems. He specifically admitted that he was a part of the purse snatch and was pleading guilty for that reason.

The court thereupon continued the bond and ordered a pre-sentence investigation.

Thereafter on April 3, 1971, at the time defendant appeared for allocution and sentencing, the record shows that at the time of the purse snatch involved the defendant was on a parole from Kansas City, Missouri for assaulting a police officer and that three days after his guilty plea of January 28, 1971, he was arrested and charged with strong-arm robbery and auto theft, to which charge he had likewise entered a plea of guilty. It was further brought out at this hearing that the victim of the purse snatch, Donna Bishop, had positively identified the defendant as the person who held her while one of his two companions snatched her purse. At this time, the court below imposed the sentence herein sought to be set aside.

On May 25, 1972, an evidentiary hearing was held before the Honorable James A. Moore in Jackson County on the 27.26 motion. In support of his claim that the plea was induced by the unfulfilled promise of his lawyer, the appellant testified that he agreed to plead guilty only because his lawyer had assured him that he would probably receive probation, but that in no event would he spend more than one (1) year in jail. However, the state called appellant's counsel, who affirmatively testified that he made no guarantees or promises to him of any kind with regard to the sentence he could expect. Nor had he engaged in any plea bargaining with the prosecutor's office.

■ The trial court specifically found that the plea of guilty was entered voluntarily and that the appellant's lawyer did not promise that the plea would result in lenience. It is true that a criminal defendant may withdraw his guilty plea if he can demonstrate that it was entered under a misapprehension of its result because of the misrepresentations of his own lawyer. State v. Rose, 440 S.W.2d 441 (Mo.1969). However, if the trial court finds (as it did here) that the promises asserted by the appellant had not, in fact, been made, "(T)his amounts to a finding that there was no reasonable basis for what movant now asserts to have been his belief at the time of the plea, entitling the trial court to disregard the now asserted belief." Barylski v. State, 473 S.W.2d 399, 401 (Mo. 1971). Moore v. State, 488 S.W.2d 266 (Mo.App.1972). Accordingly, the judgment of the trial court must be affirmed since it appears from this record that it is based on findings which are not clearly erroneous. Rule 27.26(j). State v. Mountjoy, 420 S.W.2d 316 (Mo.1967)(8).

■ Neither is the appellant aided in this case by the fact that the trial judge failed to specifically inquire whether the plea was induced by promises or guarantees before accepting it. Rule 25.04 places an affirmative duty on the trial judge "* * * to satisfy *himself* that the accused has not been induced to enter the plea on the basis of false hope or ill-founded expectation of lenience." (Emphasis ours). State v. Roach, 447 S.W.2d 553, 556 (Mo.1969)(4). However, assuming, without deciding, that the failure of the trial judge to make the specific inquiry in question amounted to a material breach of the requirements of Rule 25.04 and thus exposed the plea to a collateral attack, the remedy of Rule 27.25 providing for withdrawal of a guilty plea to correct "manifest injustice" is unavailing in this instance,

"(I)f it be found on the hearing on the motion to vacate the sentence, notwithstanding the insufficiency of the record at the time the plea was accepted, that the plea of guilty was in fact voluntary and was made with an understanding of the nature of the charge, then no manifest injustice could have resulted." State v. Sayre, 420 S.W.2d 303, 305 (Mo.1967). See also: Winford v. State, 485 S.W.2d 43, 49 (Mo. banc 1972).

The second claim raised by appellant was that he was denied the effective assistance of counsel when entering his guilty plea because his lawyer neglected to investigate the facts and circumstances of the case beyond conducting personal interviews with the appellant himself. However, there was no showing by allegation or proof that such alleged failure of the attorney to investigate resulted in a lack of discovery of evidence which would have aided or improved the appellant's position. The claim, that the simple failure of counsel to perform investigative duties in the appropriate fashion to confirm basic facts already disclosed to him by his client should afford the appellant the remedy sought, is untenable. This position overlooks the requirement, well grounded in recent decisions, that a movant in proceedings under Rule 27.26 must demonstrate that the neglect of his attorney in this regard has resulted in prejudice to his position and deprived him of substantial rights. McQueen v. State, 475 S.W.2d 111 (Mo. banc 1971); Jones v. State, 491 S.W.2d 233 (Mo.1973); Thebeau v. State, 491 S. W.2d 275 (Mo.1973); Babcock v. State, 485 S.W.2d 85 (Mo.1972). The appellant failed to meet this burden in the matter before us.

The judgment is affirmed.

All concur.