Leon SMITH, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 58559.

Supreme Court of Missouri,
En Banc.

July 22, 1974.

Rehearing Denied Sept. 9, 1974.

Donald L. Schmidt and Christopher T. Hexter, Legal Aid Society of St. Louis, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Judge.

On November 8, 1971, movant (hereinafter referred to as defendant) entered a plea of guilty to a charge of second degree murder and was sentenced to imprisonment for a term of 19 years. On September 11, 1972, he filed a motion to vacate his sentence pursuant to Rule 27.26. The trial court thereafter appointed an attorney for movant and set the motion for hearing. Before any hearing was held, however, the State filed a motion to dismiss which was sustained by the court. Movant appealed to the Court of Appeals, St. Louis District. That court adopted an opinion which reversed the judgment and remanded the case with directions to hold an evidentiary hearing and to make findings of fact and conclusions of law. Upon application of respondent we ordered the case transferred to this court. It will be determined here the same as on original appeal. We affirm.

Defendant's motion alleged the following grounds: "1. Ineffective assistance of counsel. 2. Plea of guilty was involuntary, and was made under duress and coercion. 3. That movant was incompetent to plead because of drug addiction." As grounds to support said contentions he stated the following: "1. Lawyer threatened defendant with 175 years if he should stand trial. 2. Lawyer did not investigate all possible defenses, (only used Circuit Attorneys file) and ignored defendant's claims of innocence. 3. Defendant was denied discovery due to his poverty. 4. Lawyer was not a criminal attorney. 5. Duress consisted of confinement in the City Jail for 22 months. 6. Was in jail 90 days before counsel was appointed. 7. Defendant was frustrated in his efforts to have the indictment quashed because the Grand Jurors were not of his peers. 8. Defendant was wounded. 9. Defendant was incompetent to plead one way or the other due to his drug addiction and psychological breakdown."

At the time defendant entered his plea of guilty he was questioned extensively by the court. He stated that he desired to interrupt the selection of the jury for his trial and to enter a plea of guilty to the reduced charge of murder in the second degree. He further stated that within the last week he had spent many hours discussing the case with his attorneys; that he had had the advice of his attorneys and was satisfied with the advice they had giv-

en him; that he understood that by pleading guilty he was waiving his right to a trial by jury; that he understood that he had a right to trial and to be confronted by the witnesses and that he was waiving that right; that he was not under the influence of any drugs at that time and had had no withdrawal symptoms during the past six months; that he was entering his plea of guilty of his own free will.

After the assistant circuit attorney had made a statement concerning the facts involved in the case the defendant was questioned by the court in regard thereto. He stated that he entered a liquor store in the company of another man; that he had a pistol in his possession and that the other man was carrying a sawed-off shotgun and it was their intent to rob the store; that the robbery was unsuccessful because the owner shot him in the leg; that he then shot the owner with his pistol and the owner was pronounced dead upon arrival at the hospital; that he fled and was taken by a friend to a hospital in East St. Louis where we was arrested shortly thereafter.

At the hearing it was disclosed that defendant's attorneys had filed certain proceedings in the Supreme Court of Missouri and also in the United States Supreme Court in an effort to secure certain rights for defendant. In explaining the delay in the case, one of the defendant's attorneys stated that the State had always been ready to try the case but that the delay was caused by their efforts in behalf of the defendant.

Respondent in its motion to dismiss called attention to our holding in Colbert v. State, 486 S.W.2d 219 (Mo.1972) and then stated the following: "An examination of the above-mentioned guilty plea and sentencing in Cause No. 463–S, shows that established minimum standards have been far-exceeded by this Honorable Court in the acceptance of the guilty plea. There can be no question as to movant-defendant's understanding of the charges, his right to a jury trial, his actions being sufficient to constitute the offense for which he is being charged, and the possible sentence which the movant-defendant is subjecting himself by reason of his guilty plea.

"The record of November 8, 1971 clearly shows the voluntariness of movant-defendant's guilty plea and said record conclusively shows that movant-defendant is entitled to no relief under Rule 27.26 [V.A.M.R.]."

The main contention of defendant here is that the trial court erred in failing to grant him an evidentiary hearing on his motion. He says that the fact that a trial court has complied with Rule 25.04 does not foreclose it from later holding an evidentiary hearing to determine the voluntariness of the plea. A determination of that question requires a review of the applicable rule and recent state and federal cases that have considered the subject.

Rule 25.04 contains the following: "A defendant may plead not guilty or guilty. The court may refuse to accept a plea of guilty, and shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge."

Federal Rule 11 which is often mentioned in the cases contains a similar requirement in the following language: "The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." In Colbert v. State, 486 S.W.2d 219, 220, 221 (Mo.1972) this court endeavored to settle the question as to when a hearing is required. Therein, we quoted from State v. Turley, (8th Cir. 1971) 443 F.2d 1313, as follows: "Rule 11 is, of course, not applicable in state proceedings. Nevertheless, once it has been established that a state court has, at the time of accepting a guilty plea, elicited sufficient information from the parties so that the propriety of accept-

ing the plea is established in a manner analogous to the dictates of Rule 11, and an adequate record is made thereof, the occasion for setting aside a guilty plea should seldom arise. United States v. Rawlins, *supra* [, 440 F.2d 1043]. The ascertaining of such information and the recording thereof are not exercises in futility." After reviewing the record this court held in Colbert that no evidentiary hearing had been necessary because Rule 25.04 had been complied with; that the guilty plea record conclusively showed appellant was not entitled to relief and that record was "sufficient to *insulate* the convictions from subsequent attack in federal habeas corpus proceedings."

Shortly after Colbert the Supreme Court of the United States ruled in Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973) that in the Sec. 2255 proceeding before it a hearing was required even though Rule 11 had been complied with. Therein the court stated: "We need not take issue with the Government's generalization that when a defendant expressly represents in open court, without counsel, that his plea is voluntary and that he waived counsel voluntarily, he 'may not ordinarily' repudiate his statements to the sentencing judge. The objective of Fed. Rule Crim.Proc. 11, of course, is to flush out and resolve all such issues, but like any procedural mechanism, its exercise is neither always perfect nor uniformly invulnerable to subsequent challenge calling for an opportunity to prove the allegations.

"On this record, we cannot conclude with the assurance required by the statutory standard 'conclusively show' that under no circumstances could the petitioner establish facts warranting relief . . . ."

Two weeks after Fontaine the Supreme Court decided Tollett v. Henderson, 411 U.S. 258, at l.c. 266, 267, 93 S.Ct. 1602, at 1608, 36 L.Ed.2d 235 (1973) wherein it is stated that "If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not 'within the range

of competence demanded of attorneys in criminal cases,' McMann v. Richardson, * * * 397 U.S. [759,] 771 [, 90 S.Ct. 1441, 25 L.Ed.2d 763]. * * * When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*."

Following our decision in his case Colbert filed a habeas corpus proceeding in the U. S. District Court (W.D. of Mo.) and that court construed our opinion, supra, as being in conflict with Fontaine. At the direction of that court the Attorney General filed a motion requesting that we vacate our opinion and docket the case for resubmission. In Colbert v. State, 496 S. W.2d 12 (Mo.1973) we overruled that motion. Therein we distinguished the two cases and pointed out, l.c. 13 that: " . . . the Fontaine decision is not applicable to the situation in Colbert. Fontaine was not represented by counsel. His petition alleged that his plea of guilty was coerced and for that reason it was not a voluntary plea. He alleged physical abuse, illness from gunshot wounds, other severe illnesses and difficulties resulting from heroin addiction, all of which, he alleged, coerced his waiver of counsel and his uncounseled plea of guilty. The Court's opinion shows that it was dealing only with a plea claimed to be coerced where the record before them did not conclusively show Fontaine was not entitled to relief." The opinion also referred to the fact that although Colbert was not entitled to a hearing the evidence taken at such showed he was not entitled to relief. Thereafter, the federal court denied Colbert's application for habeas corpus.

■ As indicated, we ruled in the first Colbert case that an evidentiary hearing is

not required in a *27.26* case where the guilty plea proceeding complied with Rule 25.04 and hence was sufficient to show that the plea was entered voluntarily with an understanding of the nature of the charge. Our consideration of the instant case has caused us to conclude that the Colbert rule should be combined with a well established rule of pleading and the enlarged rule stated as follows: A *27.26* movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing.

■ Most of the grounds alleged by defendant are foreclosed by the rules stated in the cases we have heretofore reviewed. In that category are supporting grounds 3, 4, 6, 7 and 8, supra. We will limit our discussion to those which merit consideration. On the allegation of ineffective assistance of counsel it should be noted generally that at the plea hearing the defendant stated that he had spent many hours discussing the case with his attorneys; that they had advised him and that he was satisfied with that advice. At that hearing it was also shown that defendant's attorneys had spent about 18 months seeking certain relief for him in the Missouri Supreme Court and in the U. S. Supreme Court. His allegations that his attorneys did not investigate all possible defenses is not sufficient to warrant relief because he does not allege what defenses were available and likely would have been discovered if further investigation had been made. McKnight v. State, 497 S.W.2d 201 [4, 5] (Mo.App.1973).

■ We have also concluded that the allegation that his lawyer threatened him "with 175 years if he should stand trial" is not sufficient to require a hearing. Defendant was charged with first degree murder, the punishment for which is life imprisonment. It was also possible that he might be convicted of second degree murder, the punishment for which was impris-

onment for any length of time not less than 10 years. It was the duty of defendant's attorneys to advise him as to the range of punishment and, if they considered it advisable, to give their judgment as to the extent of punishment the jury might fix in the event of conviction. While defendant used the word "threatened" we think the reasonable interpretation of the allegation is that the attorney stated his opinion as to the punishment a jury would assess. The attorney could not have *threatened* 175 years imprisonment in the usual sense of that word because he had no control over the punishment a jury might fix. Moreover, defendant stated in court that he was satisfied with the manner in which he was advised.

■ The allegation that confinement in the city jail for 22 months constituted duress is refuted by the guilty plea statements in that it was shown that all of the delay resulted from legal proceedings instituted by defendant's attorneys. Furthermore, this confinement would not have caused defendant to plead guilty since his trial had started at the time the plea was entered. Defendant reasonably should have known that within a few days, at the conclusion of the trial, he would either be acquitted and set free, or convicted and transferred to the penitentiary.

■ The allegation regarding drug addiction was obviously refuted by defendant's statements at the plea proceedings and does not support his claim that he was entitled to a hearing.

In addition to the authorities heretofore cited our conclusions are supported generally by the cases of Stone v. State, 254 Ark. 566, 494 S.W.2d 715 (1973), Smith v. State, 60 Wis.2d 373, 210 N.W.2d 678 (1973), Pauley v. State, 487 S.W.2d 565 (Mo.1972), Roberts v. State, 476 S.W.2d 490[3] (Mo.1972) and United States v. Journey, (8th Cir., 1973), 474 F.2d 1003.

■ As indicated, we rule that "the files and records of the case conclusively show

that the prisoner is entitled to no relief," Rule 27.26(e), and hence the trial court did not err in failing to conduct an evidentiary hearing.

■ Defendant also contends that the court failed to make findings of fact and conclusions of law pursuant to Rule 27.-26(i) which provides that "The court shall make findings of fact and conclusions of law on all issues presented, whether or not a hearing is held." He asserts that for this reason the judgment should be reversed and the cause remanded. We do not agree. While it is usually mandatory for the court to make findings of fact and conclusions of law at the time of entering the order ruling on the motion, in this instance the basis of the trial court's ruling sufficiently appears in the record. The action of the trial court in sustaining the motion to dismiss was equivalent to findings and conclusions in accordance with the grounds (heretofore quoted) set out in that motion. Those grounds are sufficient to provide a basis for appellate review.

Judgment affirmed.

DONNELLY, C. J., and MORGAN and HENLEY, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

BARDGETT, J., dissents and concurs in separate dissenting opinion of SEILER, J.

FINCH, J., dissents in separate dissenting opinion filed.

SEILER, Judge (dissenting).

I respectfully dissent. The disposition made by the trial court and now adopted by this court does not, in my opinion, meet the federal constitutional standards, which are binding on us as well as the federal courts.

Defendant contended he made an involuntary or coerced plea. Such a plea is open to collateral attack and here defendant set forth nine grounds. One ground was that his lawyer threatened him with 175 years if he should stand trial. We cannot tell from the record before us whether this truly occurred or not, or if it did, what the effect was on defendant. If it did occur, how can we conclude, on the basis of any specific findings of fact in the record, that it did not coerce defendant? With all deference, I do not believe we can speculate that "threatened" was meant by defendant to convey the idea that counsel was stating his opinion as to the punishment a jury would assess. According to standard dictionaries, the verb "threaten" means to promise as a threat, to hold out by way of menace or warning, to attempt to dissuade by promising punishment, reprisal or distress. We have no factual basis on which to find defendant used the word to mean something innocuous.

The argument advanced that counsel could not have meant "threatened" in the usual sense of the word because counsel has no control over what punishment a jury would fix, may appeal to us as judges, because we know that to be a fact, but it does not follow at all that defendant also knew this. He may have taken literally what he alleged his lawyer said. The same applies to the fact that the guilty plea proceedings show defendant said he was satisfied with the manner in which he was advised. Defendant may have believed at the time of pleading guilty that despite the existence of what he alleged as grounds in his 27.26 motion, that his lawyer had done all defendant was entitled to and that he had no grounds for complaint. Certainly there is no specific refutation in the guilty plea proceedings of any of the grounds alleged in the 27.26 motion, except as to the drug addiction claim. We cannot say, under the record before us, that under no circumstances could defendant establish facts warranting relief on any of the grounds alleged.

In addition, it seems to me the majority opinion in stating: "A 27.26 movant, in or-

der to be entitled to an evidentiary hearing, must plead *facts,* not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing", substantially reduces a defendant's chances to obtain an evidentiary hearing under rule 27.26. We will not provide him counsel to prepare a 27.26 motion, Loflin v. State, 492 S.W.2d 770 (Mo.banc 1973), even though he asks for help to amend; we will not provide him with a transcript of his case until after he has a proper motion filed, State v. Keeble, 427 S.W.2d 404 (Mo.1968), and we have no provision for providing him with a copy of his guilty plea proceedings under rule 25.04 (see general order of this court entered February 22, 1972 requiring a transcript of such proceedings to be prepared by the reporter and filed with the circuit clerk). Yet now we are to require him to prepare a lawyer-like pleading which will survive a motion to dismiss, and to show, in his initial pleading, that his allegations are not refuted by facts elicited at the guilty plea hearing. By requiring all this, we make it close to impossible for the average inmate to file a 27.26 motion which will require an evidentiary hearing, regardless of how meritorious his claim may be in reality. This procedure is not designed, in my opinion, to facilitate getting 27.26 claims out in the open and disposing of them on the merits. On the contrary, it encourages the illusion that 27.26 claims can safely and finally be disposed of on technical grounds. In the long run, this will increase, not decrease, the time and effort required by the courts and counsel to dispose of 27.26 cases. Claims of violation of federal constitutional rights cannot be disposed of without having a factual basis on which to do so.

Finally, I believe there is merit to the contention that the trial court failed to meet its obligation to make findings of fact and conclusions of law on all issues presented, whether or not a hearing was held. Instead, this court, in the majority opinion, has sifted and analyzed the record and has, in effect, made the findings which should have been made by the trial court. As stated, even so, I do not believe the findings are supported by the record, but if they are, it is not sound policy, in my judgment, for the appellate courts to assume duties which are logically and properly to be performed by the trial court. It encourages side-stepping of responsibility, see State v. Brown, 436 S.W.2d 724 (Mo. 1969).

FINCH, Judge (dissenting).

I respectfully dissent because I cannot agree that the order by the trial court amounted to findings of fact and conclusions of law with respect to all the allegations asserted in the motion to vacate under rule 27.26. As the principal opinion recognizes, the state, in its motion to dismiss, called attention to our holding in Colbert v. State, 486 S.W.2d 219 (Mo.1972). It stated that an examination of the record disclosed that what occurred exceeded the minimum requirement which this court had held to be necessary on the acceptance of a guilty plea and that the record conclusively showed that the movant was entitled to no relief under rule 27.26. Pursuant to that motion, the trial court summarily denied the motion in reliance on the Colbert case. That is understandable because the court was simply doing what we indicated in Colbert was proper.

Subsequent to our decision in Colbert (and after the trial court dismissed movant's motion to vacate), the Supreme Court of the United States decided Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169. That case held that on the record before it, the court could not conclude with the assurance required that the record conclusively showed that under no circumstances could the petitioner establish facts warranting relief under § 2255 U.S.C.A. (which corresponds generally with our rule 27.26). Accordingly, the court reversed and remanded for an evidentiary hearing.

As the principal opinion points out, the movant in Fontaine had no attorney when he entered his plea of guilty. The decision in Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973) indicates a somewhat different test when the defendant pleaded guilty on advice of counsel. However, I would reach no conclusion at this time as to whether an evidentiary hearing is required in this case. That question can properly be considered and decided by us under rule 27.26 only on the basis of a review of findings of fact and conclusions of law by the trial court pursuant to rule 27.26(i).

There are two alternative courses available to obtain such findings and conclusions. One (following a course utilized on some previous occasions) would be to enter an order directing the trial court to make findings of fact and conclusions of law on movant's allegations based on the record before the trial court, including a finding as to whether on the record (including the guilty plea hearing record) it can be said that under no circumstances could petitioner based on his allegations establish facts warranting relief. The trial court then would certify those findings and conclusions to this court. Meanwhile, a decision herein would be held in abeyance pending receipt of those findings and conclusions.

The other alternative would be to reverse and remand to the trial court for it to determine in the light of Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1416, 36 L.Ed.2d 169 (1973), whether an evidentiary hearing on movant's allegations is required or whether on the record (including the guilty plea hearing record) it can be said that under no circumstances could petitioner based on his allegations establish facts warranting relief. In either event (whether after an evidentiary hearing or based on a determination from the files and records), the trial court should make findings of fact and conclusions of law as required by rule 27.26(i) to the end that on appeal the kind of appellate review contemplated by rule 27.26 will be possible.