**Roscoe FORD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. KCD 27332.

Missouri Court of Appeals,
Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer
Denied Nov. 19, 1975.

Martin Anderson, Kansas City, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., PRITCHARD, C. J., and TURNAGE, J.

SOMERVILLE, Presiding Judge.

Roscoe Ford, a black man, was convicted of first degree murder (1971) by an all white jury in Jackson County. Failing to obtain relief by way of direct appeal, *State v. Ford*, 495 S.W.2d 408 (Mo. banc 1973), he then resorted to Rule 27.26.

Ford's Rule 27.26 motion was denied by the trial court on March 7, 1974, absent an evidentiary hearing. He contends on appeal that the trial court erred in summarily denying his Rule 27.26 motion without affording him an evidentiary hearing.

Resolvement of Ford's singular contention on appeal pivots on whether a certain "ground" and "facts" in support thereof set forth in his Rule 27.26 motion "conclusively" show that "he was entitled to no relief". Rule 27.26(e) provides, and *Smith v. State*, 513 S.W.2d 407, 411–412 (Mo. banc 1974), holds, that if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, an evidentiary hearing is not required.

The "ground" alluded to reads as follows: "Movant, Roscoe Ford, a Negro, was deprived of equal protection of law and a fair and *impartial* trial by jury in violation of his rights under the 6th and 14th Amendments to the Constitution of the United States for the reason that all Negroes were systematically excluded from Movant's jury solely because of their race by the use of peremptory challenges which is a common practice, case after case, of the State within Jackson County, Missouri, to so do." The "facts" alluded to may be fairly paraphrased as follows: (1) the state by use of its peremptory challenges deliberately and

intentionally struck all qualified Negro jurors from the jury panel in Ford's case with the end result that he was tried by a jury from which all qualified Negro jurors were excluded and which was comprised exclusively of white jurors; (2) that it is common practice in criminal cases involving Negro defendants in Jackson County, Missouri, for the state to use its peremptory challenges to systematically exclude qualified Negro jurors from sitting on juries trying Negro defendants charged with criminal offenses; (3) that before, at the time, and subsequent to Ford's trial, in sixteen specified criminal cases involving Negro defendants tried in Jackson County, Missouri, the state, by use of its peremptory challenges, deliberately and intentionally struck all qualified Negro jurors from the respective panels, with the end result that each respective Negro defendant was tried by a jury comprised exclusively of white jurors; and (4) additional existing case records in Jackson County, Missouri, if made available to Ford, would disclose that the state, by use of its peremptory challenges, has systematically excluded qualified Negro jurors from serving on petit juries in criminal cases involving Negro defendants in "case after case" with the end result that Negro defendants charged with criminal offenses are invariably tried by "all white" juries. As summed up by Ford in his brief, in order to resolve the "ground" set forth in his Rule 27.26 motion it was incumbent upon the trial court ". . . to have an evidentiary hearing and cause the Prosecuting Attorney of Jackson County, Missouri to produce the record of each case thus tried involving a Negro defendant . . .".

Ford bottoms his charge of error upon the following language contained in *Swain v. Alabama*, 380 U.S. 202, 223, 85 S.Ct. 824, 837, 13 L.Ed.2d 759, 774 (1965): "[W]hen the prosecutor in a county, in case after case, whatever the circumstances, whatever the crime and whoever the defendant or the victim may be, is responsible for the removal of Negroes who have been selected as qualified jurors by the jury commissioners and who have survived challenges for cause, with the result that no Negroes ever serve on petit juries, the Fourteenth Amendment claim takes on added significance."

The apical issue on appeal is best posed by framing it in terms of the following fundamental question. Does the specified "ground" heretofore alluded to when viewed in conjunction with the supportive "facts" pleaded, assuming, arguendo, that the supportive "facts" alluded to are true, conclusively demonstrate that Ford is entitled to relief under Rule 27.26 because of the admonitory language contained in *Swain v. Alabama*, supra? If the answer is no, the trial court did not err in summarily disposing of Ford's Rule 27.26 motion without an evidentiary hearing. Rule 27.26(e), supra; and *Smith v. State*, supra.

▬ Pleading and proofwise, one who seeks redress from a criminal conviction on the ground that the jury which tried him was unconstitutionally structured within the ambit of *Swain v. Alabama*, supra, carries a heavy burden. The concept of peremptory challenges, whether exercised by the state or by an accused, is historically infused into our jury trial system. What a cold record might fail to disclose as juror prejudice to support a challenge for cause, but which one side or the other innately senses as juror prejudice, has long been the "bailiwick" of the peremptory challenge. On the other hand, invidious discrimination, racial or otherwise, in the selection of jurors is abhorrent to even the most basic concept of fairness and justice and smacks of constitutional repugnancy. A close reading of *Swain v. Alabama*, supra, impresses one with the conclusion that the Supreme Court of the United States attempted to preserve inviolate the best of both concepts—the concept of peremptory challenges and the concept of the constitutional noncountenance of invidious discrimination in the selection of trial jurors. In order to reconcile the best of both concepts, the court recognized that certain indispensible components were required to be present before it could

be said that the state's exercise of its peremptory challenges became, in reality, mere vehicles with which to perpetrate invidious discrimination. The key to ascertaining some of the indispensible components referred to is found in the following language, ". . . whatever the circumstances, whatever the crime and whoever the defendant or the victim may be . ." (*Swain v. Alabama*, supra, 380 U.S. at 223, 85 S.Ct. at 837). The Supreme Court of this state recently had occasion to take a hard look at this particular language in *Swain* and held in *State v. Baker*, 524 S.W.2d 122, 125 (Mo. banc 1975), that to come within the proscription of the Fourteenth Amendment it was mandatory for a complainant to show that qualified Negro jurors were systematically excluded from serving as petit jurors in criminal trials in "case after case" irrespective of whether the defendants in "case after case" were black, white, or of some other racial origin. The foregoing interpretation of the holding in *Baker* comports with the interpretation given it in the recent case of *State v. Davis*, Mo.App., 1975, 530 S.W.2d 25.

In the instant case the "ground" and supportive "facts" pleaded by Ford in his Rule 27.26 motion made no mention or claim whatsoever that qualified Negro jurors were systematically excluded (by the state's exercise of its peremptory challenges) from serving as petit jurors in "case after case" involving criminal accuseds of every racial origin, black, white, or otherwise, and for this reason alone the jury which tried and convicted Ford was not constitutionally infirm within the purview of *Swain v. Alabama*, supra, and therefore the trial court did not err in summarily denying Ford's Rule 27.26 motion.

Judgment affirmed.

All concur.