Walter Dewitt BURNS,
Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11373.

Missouri Court of Appeals,
Southern District,
Division One.

June 16, 1980.

J. Michael Mowrer, Dalton, Treasure & Mowrer, Kennett, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul M. Spinden, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

Movant (then defendant) was charged with the February 9, 1977, "capital" murder of Jackie Long in Dunklin County.[1] After admitted plea bargaining, the state on June 13, 1977, by leave of court, filed an amended information charging movant with second degree murder. On the same day and following an extensive hearing and questioning of movant by the court, movant's plea of guilty to second degree murder was accepted. Per the bargaining, movant was sentenced to imprisonment for a term of 25 years and that term was specified to run concurrently with any unserved time on a manslaughter conviction which movant had incurred in Mississippi County. On March 8, 1978, movant filed his motion to vacate the judgment and sentence on the second degree murder charge pursuant to Rule 27.26, V.A.M.R. Counsel was appointed and this appeal follows denial, without evidentiary hearing, of the motion.

The single point relied on in movant's brief (written in utter disregard of the mandates of Rules 30.06(d) and 84.04(d), V.A.M.R.) reads: "The trial court erred in failing to grant appellant an evidentiary hearing because appellant's motion stated facts which if true would negate the 'intelligent, voluntary, plea of guilty' and entitle him to relief and the factual allegations are not refuted by the record of the guilty plea hearing." Without resorting to the argument section of movant's brief, something we are not required to do, the point as written is incomprehensible. However, our gratuitous look at the "Argument" reveals the claim that movant was denied effective

---

1. *State v. Duren*, 547 S.W.2d 476 (Mo. banc 1977) held unconstitutional the death penalty for capital murder as provided in § 559.009 subd. 3, RSMo Cum.Supp.1975, Annot., but upheld the alternative penalty of life imprisonment without eligibility for probation or parole until a minimum of 50 years was served as provided by § 559.011 RSMo Cum.Supp.1975, Annot.

assistance of counsel in the murder proceeding because "counsel failed to interview certain witnesses which, if interviewed, could have revealed the entire circumstance leading up to the alleged crime and further that counsel failed to advise Movant that self-defense might lie in the instant case." The argument portion of the brief is no more enlightening than the point relied on.

By examining the Rule 27.26 motion at the place referred to in movant's brief, we find his contention that he had ineffective assistance of counsel, inter alia, in the following respects: "Counsel failed to advise movant that self-defense might well lie in the instant case, and counsel having such duty to properly investigate, and with such he would have known the state was prosecuting a man who had not acted in cold-bloodedness, but only responded in dire necessity. . . . Counsel failed to interview certain witnesses which if interviewed could have revealed the entire circumstance leading up to the alleged crime."

The trial court properly found that movant's allegations that his counsel failed to advise him "that self-defense might well lie" and that his attorney failed to interview "certain witnesses" merely stated conclusions and thus did not justify extension of an evidentiary hearing. "Where a plea of guilty has been entered, the adequacy of representation is immaterial unless counsel was so incompetent that the plea was not entered voluntarily and with understanding of the nature of the charge. . . . The claim that an attorney's investigation of a

2. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), cert. denied 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

case is inadequate must allege what specific information the attorney failed to discover, that reasonable investigation would have disclosed that information, and that the information would have aided or improved appellant's position. . . . Appellant's motion does not identify any particular item of information or name any particular witness that the attorney failed to seek out, and does not allege that had such information been available [concerning the unnamed "certain witness" and that "self-defense might well lie"] appellant would not have entered a guilty plea. Failure to make such specific allegations renders a 27.26 motion vulnerable to denial without an evidentiary hearing under the *Smith*[2] standard because the motion fails to allege facts which entitle movant to relief." *Rice v. State*, 585 S.W.2d 488, 493[1–3] (Mo. banc 1979).

The trial court's overruling of the motion, with respect to the issue presented upon appeal, without an evidentiary hearing, was not clearly erroneous [Rule 27.26(j)] and its action is affirmed.

FLANIGAN, C. J., and GREENE and PREWITT, JJ., concur.