**Stanford NEVELS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26341.**

Missouri Court of Appeals, Kansas City District.

July 1, 1974.

F. C. Cline, Public Defender, 13th Judicial Circuit, Columbia, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

PER CURIAM:

This is an appeal from denial, after evidentiary hearing, of appellant's Motion to Vacate and Set Aside Judgment and Sentence, under Rule 27.26, V.A.M.R.

Appellant was charged by information with the crime of Robbery, First Degree. It was charged that on February 7, 1968, in Boone County, Missouri, Stanford Nevels entered Guy's Diner, with a sawed-off 20-gauge shotgun, approached a waitress,

and demanded that she give him money from the cash register.

Appellant was observed running in a southeasterly direction in the vicinity. He was stopped and arrested for the crime. A search of his person revealed $164 in his billfold. A 20-gauge sawed-off shotgun was found in the area.

At his plea proceedings in the circuit court, appellant waived formal arraignment and pleaded guilty to the charge. He was interrogated at length and with meticulous attention to his constitutional rights by the court concerning his guilty plea. Specifically, he was asked whether he had discussed the matter with counsel and friends, whether he was aware of his right to a jury trial, his right to make the State prove the case against him beyond a reasonable doubt, his right to confront the witnesses against him, and to cross-examine them, and his right to compel the attendance of witnesses favorable to him. He indicated he was aware of these rights. He was asked whether he had been physically mistreated, threatened, extensively questioned, or deprived of food while in jail. He indicated that he had not. He denied any promises had been made to him as to the sentence he would receive and indicated that he understood that it was solely the responsibility of the court to determine the appropriate sentence. He indicated he understood the maximum possible sentence and that any recommendation of sentence made to the court would not be binding on the court. Finally, he admitted he committed the act charged in the information.

The court sentenced appellant to 10 years in the Department of Corrections, but suspended sentence and placed appellant on probation for five years.

On May 2, 1969, after evidentiary hearing to determine whether appellant had violated a condition of his probation, the probation was revoked and the sentence ordered executed. On July 6, 1970, appellant filed a 27.26 Motion to Vacate and Set Aside Judgment and Sentence. His motion was heard by the Circuit Court of Boone County on May 13, 1972. The court made findings of fact and conclusions of law and denied relief.

On this appeal, appellant claims: (1) the finding of the trial court that appellant had effective assistance of counsel was clearly erroneous, and (2) the conclusion of the trial court that appellant's plea was knowingly, intelligently, and voluntarily entered was clearly erroneous.

"A plea of guilty voluntarily made with understanding of the nature of the charge is conclusive as to guilt and waives all nonjurisdictional, procedural and constitutional infirmities, if any, in any prior stage of the proceeding." Geren v. State, 473 S.W.2d 704, 707 (Mo.1971); Pauley v. State, 487 S.W.2d 565 (Mo. 1972); McClure v. State, 470 S.W.2d 548 (Mo.1971); State v. Brown, 449 S.W.2d 664 (Mo.1970). If there was any basis for a claim of ineffective assistance, it was waived by his guilty plea.

The real thrust of appellant's claim of ineffective assistance is that it affected the voluntariness of his plea. We will set aside the trial court's findings only if they are clearly erroneous. Rule 27.26. After examining the record, the court believes that the judgment of the trial court finding that appellant's plea was voluntarily entered is based upon findings of fact which are not clearly erroneous and is the proper judgment. We further believe that an extended opinion would have no precedential value. Rule 84.16.

The judgment is affirmed.