Richard F. SMITH, Petitioner,

v.

UNITED STATES of America,
Respondent.

Misc. No. 386.

United States Court of Appeals
Eighth Circuit.

April 29, 1966.

Rehearing Denied May 13, 1966.

Richard F. Smith, in pro. per.

Miles W. Lord, U. S. Atty., Minneapolis, Minn., for respondent.

Before MATTHES and MEHAFFY, Circuit Judges.

PER CURIAM.

Richard F. Smith, petitioner, seeks review of an order of the United States District Court denying his motion for leave to appeal in forma pauperis his criminal conviction upon a plea of guilty.[1] The District Court certified that petitioner's appeal was not taken in good faith and, therefore, unallowable under 28 U.S.C.A. § 1915(a).[2]

The crux of petitioner's complaint is his assertion that the District Court erred in refusing to permit the withdrawal of a guilty plea to an information prior to sentencing.

Petitioner was arrested on May 4, 1965 upon a complaint charging violation of 18 U.S.C.A. § 641 for receiving and retaining certain stolen postal money orders on May 1, 1965. The day after his arrest, petitioner appeared before the United States Commissioner and requested a preliminary hearing which was conducted on May 19, 1965, resulting in petitioner's being bound over to the United States District Court.

On June 10, 1965, petitioner, with advice of court-appointed counsel, waived indictment and was arraigned under an information charging a violation of 18 U.S.C.A. § 641. Thereafter, the first court-appointed counsel withdrew from the case. On August 12, 1965, a grand jury returned an indictment charging petitioner with violation of 18 U.S.C.A. § 641. The Government then moved to dismiss the information which motion was granted over petitioner's objection. Petitioner then pleaded not guilty to the indictment.

On November 18, 1965, an information was filed charging petitioner with violation of 18 U.S.C.A. § 500 for the passing and publishing of a forged money order. To the surprise of petitioner's counsel and the Government, petitioner pleaded not guilty to this information whereupon it was dismissed and the case proceeded to trial on the indictment charging violation of 18 U.S.C.A. § 641. The trial progressed for four days whereupon petitioner moved to reinstate the information and waiver of indictment charging violation of 18 U.S.C.A. § 500. Petitioner pleaded guilty to the information charging the § 500 violation, but subsequently when brought before the court for sentencing sought to withdraw his plea of guilty upon the allegation that it was induced by "threat of court-appointed counsel of withdrawing from the case." The District Court described petitioner's motion as manifestly frivolous and his basis therefor contradicted by "a well-established record which reflects competence of counsel, the integrity of the prosecution, and the full cognition and acquiescence by the defendant."

Because of the liberality attaching to motions such as this, we have carefully canvassed the original record and find that petitioner's plea of guilty was entered into voluntarily after he had been fully advised of all his rights, and during which time he was represented by able, court-appointed counsel.[3]

1. Petitioner has filed the following pleadings in this court and designated them as: Request for Leave to Proceed in Forma Pauperis; Petition for Review of Finding and Judgment; and Motion to Withdraw Plea of Guilty. He has also filed a supporting brief.

2. 28 U.S.C.A. § 1915(a) provides:
"(a) * * * An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

3. At this stage of the proceedings, court-appointed counsel attempted to withdraw from the case, but the court rejected his request, saying that he did not know anyone in the State of Minnesota who he could appoint who would improve upon his ability, earnestness and sincerity in the way he had represented petitioner.

When the information was reinstated upon petitioner's request, he executed a waiver of indictment and said he knew the grand jury would not be given the case and he was, therefore, losing the opportunity perhaps of having the grand jury fail to indict. Petitioner was then arraigned under Count I of the information and pleaded guilty. Prior to acceptance of the plea, petitioner said he fully understood that he was pleading guilty to passing and publishing a United States postal money order in the amount of $75.00 to the Applebaum's Big Apple Store, knowing that a material signature and endorsement thereon were falsely forged. He admitted passing the money order and that a material signature thereon was false. He said he was satisfied that he was not prejudicing any rights by entering the guilty plea and that he had not been offered any inducement or promises; no threats had been made by anyone representing the Government; and his plea was entered freely and voluntarily. He further said to the court that he was satisfied with advice given him by the court-appointed attorney. Petitioner was advised of the maximum sentence which he understood. Subsequent to this hearing, the court accepted the plea of guilty on Count I of the information. The court, after accepting the plea, referred the matter to the United States Probation Officer for presentence investigation.

Petitioner had no absolute right to withdraw a plea of guilty before sentencing. In such cases where the right has been denied, we will reverse only for abuse of the trial court's discretion and the burden is upon petitioner to establish his grounds for withdrawal of the pleading. From our reference to the record, it is obvious that petitioner, after four days of trial under an indictment charging a different crime, sought the opportunity to waive indictment under an information. He intelligently, voluntarily and with assistance of able counsel admitted the essential facts of the crime in open court.

We are in full accord with the extremely well considered opinion in Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979, 983 (1964), written by Judge Burger. He stated for that court:

"Overwhelming authority holds, as has this court, that withdrawal of a guilty plea before sentencing is not an absolute right but a decision within the sound discretion of the trial court which will be reversed by an appellate court only for an abuse of that discretion."

Petitioner additionally claims that he was twice placed in jeopardy by reason of reinstatement of the information. His contention in this regard is completely lacking in merit. The reinstatement of the information was at his request and at most could be considered a *nolle prosequi* of the first information and the filing of a second one on the same charge. This does not constitute double jeopardy. Spriggs v. United States, 225 F.2d 865 (9th Cir. 1955), cert. denied, 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830 (1956); United States v. Fox, 130 F.2d 56 (3rd Cir. 1942), cert. denied, 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535 (1942); District of Columbia v. Buckley, 75 U.S.App.D.C. 301, 128 F.2d 17 (1942), cert. denied, 317 U.S. 658, 63 S.Ct. 57, 87 L.Ed. 529 (1942). In any event, petitioner's plea of guilty waived any right interposing a plea of double jeopardy. United States v. Hoyland, 264 F.2d 346, 351 (7th Cir. 1959), cert. denied, 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959).

We fully agree with the District Court that petitioner's motion to appeal in forma pauperis should be denied as being frivolous and utterly without merit

The petition is denied.