Allen James PITT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18644.

United States Court of Appeals Eighth Circuit.

May 9, 1967.

Edward T. Foote, St. Louis, Mo., for appellant.

Robert H. Kubie, Asst. U. S. Atty., St. Louis, Mo., for appellee and filed brief with Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo.

Before MATTHES, MEHAFFY and LAY, Circuit Judges.

MEHAFFY, Circuit Judge.

Allen James Pitt, sometimes referred to as defendant, was convicted upon his plea of guilty under an indictment charging a violation of the Universal Military Training and Service Act, 50 U.S.C. § 462 et seq.

Pitt is a Jehovah's Witness and was classified by his draft board as I–O (conscientious objector). After exhaustion of his administrative remedies, Pitt was ordered by his local draft board to report to it on June 1, 1966 where he would be given instructions to proceed to the place of employment for civilian work at the University of Missouri Medical Center, Columbia, Missouri. The order of the local board to report was dated May 17, 1966 and was on the standard printed and approved Government form SSS No. 153 (Revised 11–13–61).[1]

Pitt did not report to the local board as ordered but reported to the Medical Center at Columbia, Missouri, where he refused employment there offered him because he felt he should have been classified as a minister rather than a conscientious objector.

The local draft board is located in the Eastern District of Missouri and Colum-

---

1. The pertinent part of the form is as follows:

"Having been found to be acceptable for civilian work contributing to the maintenance of the national health, safety, or interest you have been assigned to Institutional Work located at University of Missouri, Medical Center, Columbia, Missouri.

"You are ordered to report to the local board named above at 9:00 a.m. on the first day of June, 1966, where you will be given instructions to proceed to the place of employment.

"You are ordered to report for employment pursuant to the instructions of the local board, to remain in employment for twenty-four (24) consecutive months or until such time as you are released or transferred by proper authority.

"You will be instructed as to your duties at the place of employment.

"Failure to report at the hour and on the day named in this order, or to proceed to the place of employment pursuant to instructions, or to remain in this employment the specified time will constitute a violation of the Universal Military Training and Service Act, as amended, which is punishable by fine or imprisonment or both."

bia, Missouri, the place of the assigned civilian work, is in the Western District of Missouri. Pitt was indicted in the Eastern District of Missouri.[2]

The appeal here involves determination of venue and the propriety of the trial court's denial of defendant's motion to withdraw his plea of guilty prior to sentence.

■ The motion to transfer the case to the Western District of Missouri was premised on the assertion that defendant misinterpreted the board's order, and, therefore, the only offense was failure to accept the assigned work, thereby placing the venue in the Western District where the work was to be performed. The fallacy of this argument is that the failure of Pitt to report to his local board as directed was a duty required of him by statute, and such violation constituted an offense in the Eastern District of Missouri where the indictment was found. This is made perfectly clear by the Supreme Court in Johnston v. United States, 351 U.S. 215, at page 222, 76 S.Ct. 739, at page 743, 100 L.Ed. 1097 (1956), wherein the Court stated in a conscientious objector case:

"The orders set out above * * * could only be the basis of one conviction but they directed the registrant to perform two duties. The first is to report to the local board. * * * This appears emphatically from the characterization in the explanatory paragraph that failure to report or proceed to the place of employment would be a violation of orders." [3]

In the instant case, it is true that Pitt also violated the statute in refusing to accept the work assignment in the Western District of Missouri, and he could have been indicted there, but such violation did not taint the venue or the indictment which properly charged a violation of defendant's first duty—to report to the local board located in defendant's home vicinage, the Eastern District of

2. The indictment, omitting its formal parts, reads:
   "That on or about the 1st day of June, 1966, in the Eastern District of Missouri,
   ALLEN JAMES PITT
   wilfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Universal Military Training and Service Act and the rules, regulations and directions duly made pursuant thereto, in that he did fail and neglect to comply with an order of his local board to report to said board for instructions to proceed to the University of Missouri Medical Center, Columbia, Missouri, to report for employment pursuant to such instructions, and to remain in such employment for twenty-four (24) consecutive months or until such time as released or transferred by proper authority.
   "In violation of 50 U.S.C.App. Section 462."

3. The full text of the Court's statement in *Johnston*, supra, is:
   "Venue for these prosecutions lies where, under § 12(a), supra, the registrants did 'knowingly fail or neglect or refuse to perform any duty required of him under or in the execution of this title, * * * or rules, regulations, or directions made pursuant to this title. * * * These registrants were made subject to § 12(a) by § 6(j), which declares that a conscientious objector who fails or neglects to obey an order of his local board shall be deemed to have 'failed or neglected to perform a duty required of him' by § 12.

   "The orders set out above, p. 217 [76 S.Ct., p. 741], could only be the basis of one conviction but they directed the registrant to perform two duties. The first is to report to the local board. This was done by each registrant. The second is to report for employment and to remain there in employment for 24 consecutive months. The 'instructions to proceed' given by the board and the statement that 'failure * * * to proceed to the place of employment pursuant to instructions' would constitute a crime, are for the registrant's information. They did not create another duty. This appears emphatically from the characterization in the explanatory paragraph that failure to report or proceed to the place of employment would be a violation of orders. The crimes charged arise from failure to complete the second duty—report for employment. Accordingly venue must lie where the failure occurred." 351 U.S. at 221–222, 76 S.Ct. at 743.

Missouri. Defendant's argument that he misconstrued the order in no wise affects the venue but could only be considered as evidence of scienter concerning his guilt. Pitt does not deny noncompliance with the statute, but merely thinks he was unfairly dealt with because he considers himself a minister rather than a conscientious objector as determined by the selective service board after affording Pitt an opportunity to exhaust his administrative remedies.

The remaining issue has to do with the trial court's refusal to permit withdrawal of defendant's plea of guilty prior to sentence. Pitt, a high school graduate, was represented by competent, court-appointed counsel, and freely and understandably pleaded guilty on October 28, 1966 after denial of his motion to transfer.[4] The trial judge, The Honorable James H. Meredith, upon defendant's plea of guilty deferred sentence for thirty days, admonishing Pitt to think it over and see if he did not want to comply with the law; otherwise, he would be sentenced to a term of five years. The actual time of imprisonment under the sentence approximately equates with the twenty-four month requirement of civilian work. Thereafter, on November 8, 1966, defendant filed a motion to withdraw his guilty plea, asserting therein that he should have been classified as a minister by the selective service board.

We recently observed in Smith v. United States, 359 F.2d 481, 483 (8th Cir. 1966), that a defendant has no absolute right to withdraw a plea of guilty before sentence; that in such cases we would reverse only upon a finding of abuse of discretion by the trial court; and further that the burden is upon the defendant to establish grounds for withdrawal of his plea. See also Everett v. United States, 119 U.S.App.D.C. 60, 336 F.2d 979 (1964), cited and quoted from in Smith, supra.

In White v. United States, 354 F.2d 22 (9th Cir. 1965), the court held that there was no abuse of discretion in denial of a motion to withdraw a plea of guilty where defendant did not make the motion until he knew the scope of the sentence the court had in mind. See also and compare Melnick v. United States, 356 F.2d 493, 494 (9th Cir. 1966) and United States ex rel. McGrath v. LaVallee, 319 F.2d 308, 314 (2nd Cir. 1963).

Pitt's statements, both in allocution and affidavit, make it clear that he has no intention of complying with the selective service statute by doing civilian work. It is also obvious that his motion to withdraw his guilty plea was motivated by the trial court's apprisement, thirty days in advance, of the five year sentence that could be expected. Judge Meredith, even at date of sentence, gave Pitt another opportunity to comply with the

---

4. "The Court: Mr. Pitt, you have received a copy of the indictment in this matter?
"Defendant Pitt: Yes, I have.
"The Court: How do you plead, guilty or not guilty?
"Defendant Pitt: Guilty.
"The Court: Before accepting your plea of guilty, do you understand that you may be sentenced to five years in the custody of the Attorney General and a ten thousand dollar fine?
"Defendant Pitt: Yes, sir.
"The Court: Has anyone made any threats or promises to you in order to obtain this plea of guilty?
"Defendant Pitt: No.
"The Court: It is a voluntary matter on your part?
"Defendant Pitt: Yes.
"The Court: Very well. The Court will accept your plea of guilty. Now I'm not going to sentence you today, Mr. Pitt, and the reason I am not is that I want you to give very careful consideration to what you are doing. I don't think at this point you may have had an opportunity to really analyze the consequences of your act. I am going to give you until November 28th at 10:00 o'clock in the morning for sentencing. If between now and November 28th you want to report to the Selective Service military center for training in accordance with your classification, you may do so provided arrangements can be made to do it. I can tell you right now what I am going to do on the 28th if this isn't done. I am going to give you five years in the penitentiary, so it is up to you what you are going to do."

612

law. When he persisted in refusal, under such circumstances there was no semblance of abuse of discretion on the part of the trial judge.

The judgment of conviction is affirmed.