**UNITED STATES of America**

v.

**Ernest ROGERS, a/k/a Ernest Harris.**

**Crim. No. 11941.**

United States District Court
D. Connecticut.

Aug. 19, 1968.

John Cassidento, Asst. U. S. Atty., New Haven, Conn., for the United States.

Irving H. Perlmutter, of Ullman, Perlmutter & Ullman, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

Defendant, Ernest Rogers, was charged in a three count indictment returned on March 28, 1967 with selling narcotics on February 11, 1967 in violation of 21 U.S.C. § 174, 26 U.S.C. § 4704(a), and 26 U.S.C. § 4705(a). On May 9, 1967, defendant, while represent-

ed by counsel of his own choosing, pleaded guilty to violating 26 U.S.C. § 4704 (a) as charged in the second count of the indictment. Subsequently, on the morning of June 12, 1967, just prior to the scheduled sentencing, defendant filed a motion to withdraw his guilty plea pursuant to Rule 32(d), Fed.R.Crim.P. Because of the late filing, the Court decided to proceed with sentencing and to postpone a hearing on the motion until the motion could be noticed and briefed in accordance with the rules and the government was afforded an opportunity to file a response. The Court sentenced defendant to a term of three years and shortly thereafter denied defendant's motion to withdraw his guilty plea before defendant noticed the motion for hearing or filed a brief. Defendant is now in federal custody serving the three year sentence.[1] New counsel has been appointed by the Court; and a new motion, construed by the Court as one pursuant to 28 U.S.C. § 2255, has been filed on defendant's behalf. The instant motion questions the Court's failure to permit defendant to be heard on his original motion to withdraw his guilty plea and in addition raises the merits of the earlier motion.

■ Since the Court agrees that defendant was entitled to be heard on his motion to withdraw his guilty plea, the Court has now afforded defendant a full hearing at which defendant presented testimony and other evidence on the merits of his motion to withdraw his plea. Furthermore, the Court concludes that the merits of defendant's motion to withdraw his guilty plea should now be considered in accordance with the same standard by which defendant's original motion should have been considered, that is, as a motion pursuant to Rule 32(d), Fed.R.Crim.P, made prior to sentencing.

On the basis of the record of the hearing, at which defendant and his trial counsel[2] testified and at which the government had full opportunity to cross-examine and present its own evidence, and on the basis of the entire record in this case, the Court finds the facts as follows.

On April 3, 1967, defendant first met with and retained trial counsel in connection with the March 28, 1967 indictment. At that meeting defendant told trial counsel that he was innocent of the crimes charged and he consistently maintained this position at each of several subsequent meetings with trial counsel. Defendant further informed trial counsel that there were two witnesses who could testify that he did not make the alleged narcotics sale. Upon inquiry of trial counsel, defendant admitted that he was convicted felon and that the two witnesses were narcotic addicts.

On April 25, 1967, trial counsel received a bill of particulars from the government which disclosed the exact place and time of the alleged sale and further disclosed that the alleged sale was made to a government agent, Jesse Spratley. Thereafter, on May 3, 1967, trial counsel ascertained that the government would be willing to move for dismissal of the first and third counts of the indictment, each of which carried a minimum penalty of five years' imprisonment, if defendant were to plead guilty to the second count which carried a minimum two year penalty.

Several days later, on May 6, 1967, trial counsel met with defendant to discuss whether defendant wanted a trial

---

1. On June 30, 1967 defendant began serving a state sentence on an unrelated offense. He was paroled on March 26, 1968 and was turned over on that date to federal authorities to begin serving his three year federal sentence.

2. The attorney whom defendant privately retained and who represented defendant prior to and after his plea of guilty but who does not represent him in the instant proceeding will be referred to as "trial counsel" in order to distinguish him from the court-appointed counsel who now represents defendant.

or would enter a guilty plea. Trial counsel informed defendant of the government's willingness to permit him to plead to the lesser count and further informed him that testimony by the government agent would be given great credibility while testimony by defendant and his two friends would not be believed because of their criminal records and addiction to drugs. Trial counsel told defendant that the chances were very great, therefore, that if he went to trial he would be convicted on all three counts and thereby would be exposed to a minimum of five years' imprisonment.

Despite defendant's earlier and consistent protestations of innocence and without making any attempt first to interview the two men defendant claimed as witnesses, trial counsel strongly recommended to defendant that it was in his own best interest to plead guilty but that it was up to defendant to make the decision because it was he who would have to serve the time. Trial counsel did not qualify his recommendation by pointing out to defendant that it was in his interest to plead guilty only if he was in fact guilty and did not otherwise inquire into the question of whether defendant really believed himself guilty. As trial counsel testified at the hearing, he felt no need to go into the question of guilt any further because defendant in past meetings had consistently maintained his innocence; all trial counsel considered necessary was to point out what he felt were the great odds in favor of conviction and to find out defendant's decision as to whether or not he would plead guilty.

Defendant told trial counsel that he would plead guilty to the second count of the indictment. On May 9, 1967, defendant was brought into court and trial counsel informed the Court that defendant would so plead. The Court thereupon extensively interrogated defendant as to the voluntariness and his understanding of his proposed guilty plea. Defendant stated that he had had an opportunity adequately to confer with his counsel for the purpose of intelligently determining how he wished to plead; that, based upon such conferences and acting upon the advice of counsel, he was satisfied that he was in fact guilty of the crime to which he was pleading; and that he understood the maximum sentence which the Court could impose if the guilty plea were accepted. Furthermore, in response to the Court's questioning, he stated that neither anyone connected with the government, his counsel, nor anyone else had given or promised him anything to induce him to plead guilty and that, specifically, no one had promised him leniency in the matter of sentence in return for his plea of guilty. In short, defendant's answers to the Court's questions were entirely consistent with a plea of guilty voluntarily, knowingly and intelligently entered. The Court accepted the plea and ordered it recorded. Trial counsel at no time informed the Court of defendant's earlier protestations of innocence nor of the fact that defendant had never discussed or admitted his guilt to trial counsel. June 12, 1967 was set as the date of sentencing.

Between May 9, 1967 and June 6, 1967, defendant had several conferences with his trial counsel at which he continued to maintain his innocence and expressed second thoughts about his guilty plea. At one point he asked trial counsel to speak to his, defendant's, girl friend about whether he should seek to withdraw his guilty plea. Trial counsel did so and reported back to defendant that the girl friend thought defendant should allow the plea to stand.

On June 6, 1967, an event occurred which transformed defendant's second thoughts into a definite desire to withdraw his plea. That event was the arrest on counterfeiting charges of Jesse Spratley, the government agent to whom defendant allegedly made the narcotics sale. Defendant, having learned of Spratley's arrest, instructed trial counsel on June 9, 1967 to file a motion to withdraw his guilty plea despite trial counsel's advice that the arrest of the agent did not change defendant's situation.

Trial counsel filed the motion on the morning of June 12, 1967, just prior to the scheduled sentencing. Pursuant to the Court's instructions in view of the improperly noticed motion, counsel did not argue the motion prior to sentencing. Defendant, however, when afforded the right of allocution, did state to the Court that he did not sell any narcotics to any federal agent.

At the hearing on the instant motion, defendant reiterated his innocence. He further testified that he pleaded guilty and answered the Court's questions untruthfully at the time he pleaded guilty because he was scared that he would be convicted on all three counts as explained to him by his trial counsel and that he would receive a much longer sentence.

■ A defendant has no absolute right to withdraw his guilty plea even if a motion is made prior to sentencing. United States v. Giuliano, 348 F.2d 217 (2 Cir.), cert. denied, 382 U.S. 939 and 946 (1965). Furthermore, the burden of proof is upon the defendant to establish grounds for withdrawal. Pitt v. United States, 378 F.2d 608, 611 (8 Cir. 1967); United States v. Giuliano, supra, at 221. Nevertheless, a motion to withdraw a guilty plea if made prior to sentencing is addressed to the sound discretion of the Court and should be freely granted if for any reason the granting of the privilege seems fair and just. See, e. g., Kersheval v. United States, 274 U.S. 220, 224 (1927); Kadwell v. United States, 315 F.2d 667, 670–71 (9 Cir. 1963); United States v. Lias, 173 F.2d 685, 688 (4 Cir. 1949).

There are several reasons which militate against relieving defendant of his guilty plea in the instant case. First, at the time of his guilty plea defendant represented to the Court that he was in fact satisfied that he was guilty; such a representation, along with the other representations made to the Court by defendant at that time, cannot be lightly disregarded. Second, the arrest of agent Spratley, which was the immediate cause of defendant's motion to withdraw his plea, in no way affects defendant's guilt or innocence; the agent's arrest does not in any manner justify granting leave to withdraw defendant's plea, nor does it raise any question whatsoever as to the pleas of others against whom Spratley was a potential witness or the convictions of others against whom the agent actually testified.

■ Despite the foregoing considerations, however, it is the Court's conclusion that defendant's sentence should be vacated and he should be permitted to withdraw his guilty plea. Defendant not only maintained his innocence at the hearing on the instant motion and at the time of sentencing, but he did so consistently in conferences with his trial counsel both prior to and after his guilty plea. Despite defendant's protestations of innocence, trial counsel proceeded to recommend a guilty plea without any effort on his part to ascertain whether defendant was in fact guilty and without any warning by counsel to defendant that a guilty plea should be entered only if defendant really was guilty.

Trial counsel doubtless believed that he was acting in the best interest of his client in recommending a guilty plea. A plea bargain had been struck. It was reasonable to assume that a jury would more likely believe a government agent than a convicted felon and narcotic addicts. But to this Court it appears utterly unreasonable for counsel to recommend a guilty plea to a defendant without first cautioning him that, no matter what, he should not plead guilty unless he believed himself guilty. Most certainly such a recommendation should not be made when the defendant in the past has maintained his innocence and has stated that he has two witnesses whom counsel has not attempted to interview. It may well have been trial counsel's opinion that even if defendant were innocent he would still be convicted. Such a view is not only cynical but unwarranted. Innocent men in the past have been convicted; but such instances have

been so rare and our judicial system has so many safeguards that no lawyer worthy of his profession justifiably may assume that an innocent person will be convicted.

 Guilty pleas play a necessary and valid role in the criminal process. Plea bargaining, despite understandable criticism, also is proper. But guilty pleas and plea bargaining place a heavy responsibility on defense counsel to insure that neither the rights or interests of defendants nor the integrity of the judicial system are thereby jeopardized. This means that defense attorneys, in their roles as counsel and as officers of the Court, must exercise scrupulous care to see to it that an innocent man does not plead guilty.

That duty of counsel was not adequately performed here where defendant was told that he had the alternative of pleading to the lesser of three counts or almost certainly being convicted on all counts irrespective of his guilt. And that duty of counsel was further not scrupulously discharged here when trial counsel informed the Court that defendant would plead guilty, after which counsel thereafter stood mute while the Court accepted the plea.

The Court therefore believes, under the particular circumstance here present, that it is just and fair to vacate defendant's sentence; to permit the withdrawal of his guilty plea; to reinstate his pleas of not guilty to each of the three counts of the indictment (counts one and three being reinstated); and to permit the government, if it chooses, to proceed with the trial of defendant on the three count indictment.

The foregoing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52, Fed.R.Civ.P.

#### ORDER

ORDERED as follows:

(1) That defendant's sentence imposed by this Court on June 12, 1967 is vacated and his motion to withdraw his guilty plea to count two is granted.

(2) That counts one and three are reinstated, and defendant's pleas of not guilty to counts one, two and three are reinstated.

(3) That the government is granted twenty days in which to notice its case against defendant for trial on the earliest trial calendar or, in the alternative, to take such steps as it considers appropriate and to which it believes it is entitled to obtain appellate review of the instant order.

(4) That, if the government fails to act in accordance with the options granted in paragraph (3) above, defendant shall be released from custody twenty days from the date of this order.