UNITED STATES of America, Appellee,

v.

Vadaain David DIXON, Appellant.

Nos. 85–5146, 85–5147.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 9, 1985.

Decided Feb. 21, 1986.

Daniel M. Scott, Minneapolis, Minn., for appellant.

Thor Anderson, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON, Circuit Judge, and McMANUS,* Senior District Judge.

McMANUS, Senior District Judge.

Appellant-defendant, Vadaain David Dixon, appeals from the final judgments entered by the district court [1] convicting him of six counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and 18 U.S.C. § 2(a). The convictions on two counts were based on a jury verdict finding defendant guilty. The convictions on the other four counts were based on pleas of guilty which defendant was not allowed to

---

* The HONORABLE EDWARD J. McMANUS, Senior United States District Judge for the Northern District of Iowa, sitting by designation.

1. The Honorable Harry H. McLaughlin, Judge, United States District Court for the District of Minnesota.

withdraw. For reversal, defendant argues that the district court erred in denying his motion to withdraw guilty pleas. He also challenges the sufficiency of the evidence presented at trial and claims that the district court improperly questioned a witness. We affirm.

## I. FACTS

Dixon was charged by complaint on May 25, 1983 with armed bank robbery in Minnesota. He had been arrested by Mexican federal police in Juarez, Mexico. On May 27, 1983, pursuant to the complaint a federal arrest warrant was served upon Dixon by agents of the F.B.I. On June 9, 1983, Dixon and others were indicted and charged with four counts of bank robbery and one count of conspiracy to commit bank robbery in Minnesota. He was returned to Minnesota and arraigned on June 13, 1983. Dixon was also indicted for bank robbery in the Districts of Nebraska, Oregon and Oklahoma. The indictments were based on a multi-state crime spree from March 30, 1983 to May 18, 1983, involving seven bank robberies, including the four in Minnesota.

On October 12 and 25, 1983, he pled guilty, pursuant to a plea agreement, to two counts of bank robbery in Minnesota (Cr. No. 4–83–54) and, pursuant to Fed.R. Crim.P. 20, to one count of bank robbery in Nebraska (Cr. No. 4–83–76) and one count of bank robbery in Oregon (Cr. No. 4–83–77). The government agreed to dismiss the remaining counts of the Minnesota indictment and the Oklahoma indictment at sentencing.

Dixon was placed in a halfway house while awaiting sentencing. On November 9, 1983, he fled from the halfway house and robbed banks in Minnesota, Iowa, and Ohio. On December 21, 1983 Dixon was indicted again in the District of Minnesota on two counts of armed bank robbery and in the Southern District of Iowa on one count of armed bank robbery. He was subsequently arrested on May 15, 1984. After his conviction in Ohio state court for bank robbery, Dixon was transferred to the District of Minnesota and arraigned on the

second Minnesota indictment (Cr. No. 4–83–98) on December 17, 1984. Prior to his arraignment, on December 14, 1984 defendant moved to withdraw his guilty pleas to the first Minnesota indictment and the Nebraska and Oregon indictments.

The district court, 599 F.Supp. 980, denied defendant's motion and he was tried on the second Minnesota indictment, found guilty on both counts of armed bank robbery, and sentenced to imprisonment for 25 years on both counts. He was sentenced to 25 years on each count in the first Minnesota indictment and to 20 years on both the Nebraska indictment and the Oregon indictment. All sentences are concurrent.

## II. DISCUSSION

### A. Denial of Defendant's Motion to Withdraw Guilty Pleas

Rule 32(d) provides, in part:

If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, imposition of sentence is suspended, or disposition is had under 18 U.S.C. § 4205(c), the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.

Fed.R.Crim.P. 32(d). This court will reverse the denial of a request to withdraw a guilty plea only for an abuse of discretion and the burden is on the defendant to establish his grounds for withdrawal of the plea. *United States v. Bryant,* 640 F.2d 170, 172 (8th Cir.1981).

Dixon argued that he felt compelled to plead guilty due to the great stress he was under after being beaten and tortured by Mexican officials and F.B.I. agents. Dixon was arrested in Mexico on May 27, 1983 and was returned to Minnesota where he was arraigned on June 13, 1983. Dixon testified in open court on both October 12 and 25, 1983 that no threats or force were used against him to cause him to plead guilty.

The defendant did not allege any improper treatment while incarcerated in Minnesota and the district court concluded that the fear of mistreatment did not influence

the defendant's testimony on October 12 and 25, 1983. Dixon did not assert his legal innocence and waited fourteen months before seeking to withdraw his guilty plea (during which time his co-defendant was sentenced). *See Bryant*, 640 F.2d at 172; *United States v. Barker*, 514 F.2d 208, 220 (D.C.Cir.1975), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975).

Another factor properly considered in the determination of whether the decision was fair and just is the possible prejudice to the government. *Bryant*, 640 F.2d at 172. The government would be prejudiced if the defendant were allowed to withdraw his plea. The government would have to reassemble witnesses from Mexico and nine states and the delay would make identification more difficult for the witnesses. *See Barker*, 514 F.2d at 222. Accordingly, the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea.

### B. Use of a Dangerous Weapon

 Subsection 2113(d), under which defendant was tried and convicted, requires that a dangerous weapon be used in committing the robbery. 18 U.S.C. § 2113(d). The defendant argues that there was insufficient evidence to support the jury's finding that he used a gun during the commission of the robberies.

There is substantial evidence to support the jury's finding. The tellers in both robberies testified that they were threatened by a handgun. They observed portions of a gun and thoroughly described it. Cathleen Hauenstein stated that the defendant had been wearing a handgun under his jacket in a shoulder holster and described the butt end of the gun. Beverly Latvala testified that the defendant had a handgun which was partially covered by a bag. She described the barrel of the gun as black or navy, dark blue metal with a hole about the size of a dime in the end of the barrel. The jury specifically asked the court if a real firearm needed to be present and the court answered yes. The jury's verdict will be upheld. *See United States v. Seastrunk*, 580 F.2d 800, 802 (5th Cir.1978).

### C. District Court's Questioning of Witness

Defendant argues that the district judge's questioning of Shirley Loss, a bank employee, regarding her fright in witnessing the bank robbery was prejudicial error.

The district court has broad discretion to comment upon the evidence or question witnesses. *United States v. Riddick*, 519 F.2d 645, 649 (8th Cir.1975). The court asked the witness "was this kind of a frightening experience for you?" Shirley Loss answered, "yes, it was." There is nothing prejudicial about the question and the question had no impact upon defendant's right to a fair trial.

Affirmed.