UNITED STATES of America, Plaintiff,

v.

Sanford MORRISON, Defendant.

Crim. No. 90–30053–01.

United States District Court, D. South Dakota, C.D.

July 2, 1991.

Dennis Holmes, Asst. U.S. Atty., Office of U.S. Atty., Pierre, S.D., for plaintiff.

Lee C. 'Kit' McCahren, Al Arendt, Pierre, S.D., for defendant.

## MEMORANDUM ORDER

DONALD J. PORTER, District Judge.

Defendant Sanford Morrison has moved for withdrawal of his guilty plea under FED.R.CRIM.P. 32(d). As the basis for his motion, defendant asserts that he is inno-

cent of the charge to which he pleaded guilty and that the victim of the alleged rape has recanted her accusations.

Defendant was indicted on a charge of Aggravated Sexual Abuse. On January 10, 1991, at a plea hearing before this Court, defendant pleaded guilty to a reduced charge of Attempted Sexual Abuse in violation of 18 U.S.C. §§ 1153, 2242(1) and 2245(2). At that hearing, defendant was placed under oath and informed that any questions answered falsely could be used against him in another prosecution for perjury or making a false statement. Pursuant to FED.R.CRIM.P. 11, the Court then advised defendant of his rights. Specifically, the Court advised defendant that he had the right to plead not guilty to the offense charged and that by pleading guilty he was waiving his right to trial by jury. The Court informed defendant of the rights associated with a jury trial including the right to assistance of counsel, the right to decline to testify and the right to see and hear all witnesses and have them cross-examined in his defense. The Court further advised defendant of the maximum and minimum penalties for the offense charged including the possibility of supervised release and the effect of the sentencing guidelines. The Court asked defendant if he was fully satisfied with the counsel, representation, and advice given to him by counsel in this matter and the defendant answered that he was satisfied. The prosecutor then stated the factual basis for the offense charged.[1] The Court next ques-

---

1. The factual basis for the guilty plea was described by the prosecutor as follows:

   MR HOLMES: The Government would call Belle Starboy who would testify that she lived with the defendant for several years and that together they had two children. They were never formally married.

   She would testify that she stopped living with the defendant in June of 1990. Later that same summer, on August 25th and 26th, she was at Okreek, South Dakota, visiting relatives. At that time the Rosebud fair was going on in Rosebud, South Dakota. The defendant came to the home of Belle Starboy and wanted to take their two children to the carnival at the Rosebud Fair. Belle Starboy, her children, and another niece went with the defendant to the carnival. Before and during this trip she began drinking and so did the defendant.

They later returned from the carnival and left the two children with other relatives and returned to Rosebud to watch some baseball games. During this period of time both the defendant and Belle Starboy were drinking.

At approximately 11 p.m. on that date they left Rosebud, South Dakota, in a vehicle which had in the vehicle herself, Belle Starboy, the defendant, and her niece, Pauline Starboy. They drove back to Mission, South Dakota. While driving through Mission, South Dakota, the defendant and Belle Starboy became—or, began to get into an argument about relationships that they were having with other men and women. And an argument developed. During this argument the defendant hit her in the face several times and later he pushed her niece, Pauline Starboy, out of the car. The car then drove back west through Mission, South Dakota, to the stoplight and pulled up towards the Mor-

tioned defendant in regard to each essential element of the crime to which defendant was pleading guilty:

THE COURT: I'll ask you this, Mr. Morrison: This would be the elements.

Did you on or about the 26th of August, 1990, knowingly cause or attempt to cause Belle Starboy to engage in a sexual act?

THE DEFENDANT: Yes.

THE COURT: And did you cause or attempt to cause Belle Starboy to engage in said sexual act by threatening Belle Starboy or placing her in fear?

THE DEFENDANT: Yes, Your Honor.

. . . .

THE COURT: All right. And then you are an enrolled member of the—which tribe?

MR. HOLMES: Rosebud, Your Honor.

THE COURT: Of the Rosebud Sioux Tribe?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: All right. And you were at that time?

THE DEFENDANT: Yes, I was.

THE COURT: And this occurred within the Rosebud Reservation?

THE DEFENDANT: Yes, it did, Your Honor.

The Court then read the indictment to defendant and defendant entered a plea of guilty.

On February 19, 1991, prior to sentencing, defendant moved to withdraw his guilty plea. Defendant asserted, as grounds for his motion, that he was not guilty of the crime to which he pleaded guilty. On February 20, 1991, the court, without response from the government, inadvertently filed an order granting defendant's motion. On March 4, 1991, the Court vacated its February 20 order and the government filed a memorandum in opposition to defendant's motion to withdraw his plea. After consideration of the briefs and arguments of both parties, the Court, on March 13, 1991, denied defendant's motion for withdrawal of plea. Defendant immediately filed a motion to reconsider which was denied by the Court on March 14, 1991.

On April 16, 1991, defendant wrote to the Court requesting that his attorney be allowed to withdraw from the case. The

an gas station where the car quit. At that location the defendant continued to strike her and she struck him back. They walked away from the vehicle to another home located north of the Moran gas station. There there was a pickup parked outside this home.

She would testify that the defendant pushed her into the cab of the pickup and took her clothing from her. He also took off his clothing.

She would testify that she did not resist him because she was afraid that he would continue to strike and assault her.

She would testify that he got on top of her in the pickup and had intercourse with her. She was later able to get free from him and go to a residence and obtain some clothing and called the police.

The government would also call James Scott who is the Bureau of Indian Affairs police officer who would testify that during the early morning hours of August 26th, 1990, he found the defendant still inside the cab of this pickup and that he was either asleep or passed out and at that time he observed that the defendant had no shirt on and that his pants were pulled down and only covered one leg and he had no underwear on. He then placed the defendant under arrest.

The government would also call representatives of the Bureau of Indian Affairs for the Rosebud Sioux Tribe to establish that the defendant is an enrolled member of that tribe and that the place where this incident occurred, that being Mission, South Dakota, is within the exterior boundaries of the Rosebud Indian Reservation.

THE COURT: Is the statement by the prosecutor as to what occurred correct or not?

MR. KIT McCAHREN: Did you ask if he had any objections to the factual basis?

THE COURT: I beg your pardon?

MR. KIT McCAHREN: Was your question whether he had any objections to the factual basis?

THE COURT: No. I'm asking whether it's true as stated by the prosecutor, or whether there is some part that is not true. Or any of it.

THE DEFENDANT: Your honor—

THE COURT: Yes.

THE DEFENDANT: —I have no dispute with—

THE COURT: I beg your pardon?

THE DEFENDANT: I have no dispute with the information.

Court appointed defendant's current counsel, Al Arendt, to represent him. On May 13, 1991, Mr. Arendt, on behalf of defendant, moved to postpone sentencing because he had not yet received a copy of the pre-sentence report and so he could prepare and file a motion for withdrawal of guilty plea. On May 16, 1991, the Court granted defendant's motion to postpone sentencing.

On May 22, 1991, defendant filed this motion for withdrawal of plea. In support of this motion, defendant asserts his innocence and has provided the Court with a copy of the pre-sentence report which contains statements given by the victim. The report contains conflicting statements given by Starboy to an investigator for the Bureau of Indian Affairs and to a U.S. probation officer.

According to the pre-sentence report, the victim, Belle Starboy was interviewed by a Bureau of Indian Affairs investigator on August 27, 1990.[2] Starboy told the investigator that she had gone to a fair and a baseball game with defendant and that the two had been drinking. She stated that they left the game and that defendant began to accuse her of having an affair and defendant struck her several times. The two continued to argue and eventually pulled their pickup over when they experienced car trouble. According to her statement, defendant continued to strike Starboy and began to remove her clothing. Defendant then forced Starboy into an unlocked pickup and forcibly had sexual intercourse with her. Starboy also told the investigator that she was unsure whether actual penetration had occurred.

The pre-sentence report indicates that Starboy was later interviewed by a U.S. probation officer. Starboy told the probation officer that she could not recall and was uncertain whether penetration had occurred between her and the defendant because of the state of her intoxication. Starboy stated that she was driving with defendant after the baseball game and that they were fighting with each other, pulling hair and hitting with hands and fists. They eventually pulled the car into a ser-

vice station and began to walk. Starboy told the probation officer that they got into a pickup and together removed her blouse. She states that she is unable to recall with certainty what occurred afterward.

The pre-sentence report states that Starboy was admitted to the U.S. Public Health Service Hospital in Rosebud, South Dakota at 2 a.m. on August 27, 1990. Medical examiners treated her for multiple facial contusions. It was also noted that doctors noted small lacerations inside the mouth and lips, swelling of the nose, a partially closed eye, abrasions of both elbows and knees, and small abrasions in the genital area.

■ Defendant claims that based upon Starboy's inconsistent statement that she does not recall if force was used against her, the defense of consent is now available to him. Defendant claims that Starboy would not speak to his investigators and he was therefore forced to assume that she would testify that he sexually assaulted her. Assuming that it would be his word against her word, defendant states that he felt he had no choice but to plead guilty.

The Court may permit the withdrawal of a guilty plea before imposition of sentence upon a showing by the defendant of any "fair and just reason." FED.R.CRIM.P. 32(d). "A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea." *United States v. Buckles,* 843 F.2d 469, 472 (11th Cir.1988). In *United States v. Thompson,* 906 F.2d 1292, 1298 (8th Cir.1990), the Eighth Circuit set forth the appropriate standard for consideration of a motion to withdraw a plea of guilty prior to sentencing:

A motion to withdraw a plea of guilty which is made before sentencing may be granted upon a showing by the defendant of any fair and just reason. FED. R.CRIM.P. 32(d). The burden of establishing a fair and just reason is on the defendant. *United States v. Dixon,* 784 F.2d 855, 856 (8th Cir.1986). A district court's refusal to grant such a motion is reviewed under the abuse of discretion

2. The indictment charges that the assault took place on or about August 26, 1990.

standard. *United States v. Moore,* 822 F.2d 35, 37 (8th Cir.1987); *United States v. Boyd,* 610 F.2d 521, 524 (8th Cir.1979) *cert. denied,* 444 U.S. 1089, 100 S.Ct. 1052, 62 L.Ed.2d 777 (1980). While the "fair and just" standard is a liberal one, we are mindful the "[t]he plea of guilty is a solemn act not to be disregarded because of belated misgivings about the wisdom of the same" *United States v. Woosley,* 440 F.2d 1280, 1281 (8th Cir.) *cert. denied,* 404 U.S. 864, 92 S.Ct. 53, 30 L.Ed.2d 108 (1971); *see Blackledge v. Allison,* 431 U.S. 63, 73–73, 97 S.Ct. 1621, 1628–29, 52 L.Ed.2d 136 (1977).

■ A court should consider several factors in determining whether to allow a presentence motion to withdraw a plea: (1) whether defendant has established a fair and just reason to withdraw his plea; (2) whether defendant asserts his legal innocence of the charge; (3) the length of time between the guilty plea and the motion to withdraw; and (4) if the defendant established a fair and just reason for withdrawal, whether the government will be prejudiced. *United States v. Boone,* 869 F.2d 1089 (8th Cir.1989). While defendant in this case has asserted his legal innocence, the other three factors weigh in favor of denying defendant's motion to withdraw.[3]

*Fair and Just Reason*

■ Defendant came before this Court on January 10, 1991, and under oath, pleaded guilty to attempted sexual abuse. Defendant makes no assertions that he was advised by incompetent counsel, that the government acted improperly, that he was coerced into pleading guilty or that he did not understand either the effect or the significance of his plea. In fact, defendant makes no claims which would indicate that his guilty plea, taken in accordance with FED.R.CRIM.P. 11, was not properly taken and totally voluntary. Defendant's reason for wanting to withdraw his plea is simply that he has, through the pre-sentence report, discovered an inconsistent statement made by the victim after his guilty plea that would assist in a possible consent defense. In essence, defendant's contention is that he should be entitled to a trial in spite of his guilty plea because at the time of pleading guilty he thought the government had a stronger case against him than they actually may have had. This Court is convinced that Rule 32(d) was not enacted to give the defendant additional time to reflect on his plea decision or to further investigate the strength of the government's case against him. The Court therefore finds that defendant has not shown a "fair and just" reason for withdrawal of his guilty plea.

*Length of Time Between Plea and Motion*

■ Defendant entered his guilty plea before this Court on January 10, 1991. He did not file his initial motion for withdrawal of his guilty plea until February 19, 1991, over five weeks later. The standard for judging a motion for withdrawal of plea is low where the motion comes only a day or so after the plea was entered. *United States v. Barker,* 514 F.2d 208, 222 (D.C.Cir.1975). "A swift change of heart is itself strong indication that the plea was entered in haste and confusion.... [b]y contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force." *Id.* In this case, the five weeks delay between defendant's plea and his decision to withdraw his plea weigh against allowing defendant to withdraw his plea.

---

**3.** In a motion for withdrawal of a guilty plea, a defendant is entitled to a hearing on allegations made in support of the motion where, if true, they would entitle him to the relief sought. *United States v. Crooker,* 729 F.2d 889 (1st Cir., 1984). Because the Court takes defendant's allegations as true, that Starboy did make an inconsistent statement to a U.S. probation officer, the Court finds that no evidentiary hearing is neces-

sary. The Court does not find that the purposes of Rule 32(d) would be met by ordering Starboy to testify at a hearing in order that the Court could make a judgment as to her credibility and an assessment of the evidence against defendant. Hearings on Rule 32(d) motions are more appropriate in cases where a defendant contests the voluntariness of his plea based on the propriety of the Rule 11 proceedings.

*Prejudice to Government*

Because the Court finds that defendant has not established a fair and just reason to withdraw his plea, it is not necessary for the Court to reach the question of prejudice to the government. The Court does, however, note that defendant pleaded guilty after a jury had already been selected and the government had subpoenaed its witnesses. Several witnesses had already come from other cities for the trial at the time defendant pleaded. The government and the Court had spent significant amounts of time and resources preparing for a trial and then accepting defendant's guilty plea. More important than the time and money already spent by the U.S. Attorney's office is the uncertainty of whether the elapsed time would impair the government's ability to reassemble its witnesses and evidence to the same degree as it was able to do when it prepared to go to trial on January 10, 1991.

CONCLUSION

The Court finds that defendant has not established a just and fair reason for withdrawal of his guilty plea. Pursuant to FED.R.CRIM.P. 32(d), it is therefore

ORDERED that defendant's motion is denied.