994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES OF AMERICA, Appellee,
v.
Thomas A. WILLIAMS, Appellant.
 No. 92-2489.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 24, 1993.
Filed: May 27, 1993.
 
 Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Thomas A. Williams appeals his conviction for conspiring to commit an offense against and to defraud the United States, in violation of 18 U.S.C. § 371. We affirm.
 
 
 2
 This case, as it pertains to Williams, is before us a second time. The facts of the case are fully developed in our first opinion, United States v. Farm & Home Sav. Ass'n, 932 F.2d 1256, 1258 (8th Cir.), cert. denied, 112 S. Ct. 179 (1991). Briefly, Williams and others were charged in Count I of a multi-count indictment with conspiring to defraud the United States by obstructing the governmental function of collecting data through the filing of currency transaction reports ("CTRs"), by causing Farm & Home Savings Association to fail to file CTRs, and by concealing material facts from the Treasury Department. Id. at 1259-60. In the first appeal, Williams had argued that he could not be charged with a crime because, under the statute and regulations in effect in 1984 when the alleged conduct occurred, Farm & Home was under no duty to file CTRs for the currency transactions at issue-i.e., same-day multiple purchases of money orders of less than $10,000 each but totaling more than $10,000. We found that Count I sufficiently stated a charge against Williams, following United States v. Polychron, 841 F.2d 833, 837 (8th Cir.) (bank officer who structures otherwise reportable transaction into same-day multiple transactions not individually exceeding $10,000 may be criminally liable for causing bank not to file CTR), cert. denied, 488 U.S. 851 (1988). Farm & Home Sav. Ass'n, 932 F.2d at 1258-60.
 
 
 3
 On April 6, 1992, Williams pleaded guilty to Count I of the indictment, reserving the right to appeal his pretrial motion to dismiss the indictment. On June 10, 1992, he moved to withdraw his guilty plea, arguing that Jacobson v. United States, 112 S. Ct. 1535 (1992), decided the day of his guilty plea, changed entrapment law to his benefit. On June 22, 1992, the district court[1] denied his motion and sentenced him to three-and-one-half years imprisonment.
 
 
 4
 In this pro se appeal, Williams argues that the district court erred in refusing to allow him to withdraw his guilty plea. A district court may permit a defendant to withdraw his guilty plea; the factors to be considered by the court are whether the defendant establishes a fair and just reason, whether he asserts he is innocent, the length of time between the guilty plea and the motion to withdraw it, and whether the government would be prejudiced by a withdrawal of the plea. United States v. Nichols, 986 F.2d 1199, 1201 (8th Cir. 1993). We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. Id. The district court did not abuse its discretion here. Williams has not shown us how a change in entrapment law, if any has occurred, would have helped him. Perhaps more importantly, his contention that he wished to withdraw his guilty plea because of Jacobson is undermined by the fact that he waited two months after Jacobson was decided to make his motion, by which time his codefendants had been sentenced. See United States v. Bryant, 640 F.2d 170, 172 (8th Cir. 1981) (fact that defendant waited until he knew codefendants' sentences before seeking to withdraw plea was relevant to determination of whether ruling on motion to withdraw guilty plea was fair and just); United States v. Boyd, 610 F.2d 521, 524 (8th Cir. 1979) (use of guilty plea as way to test weight of potential sentence is primary policy ground for denying plea change), cert. denied, 444 U.S. 1089 (1980).
 
 
 5
 Williams also raises numerous challenges to his conviction. Most of his arguments are barred either by the law-of-the-case doctrine on the basis of Farm & Home Sav. Ass'n, see United States v. Callaway, 972 F.2d 904, 905 (8th Cir. 1992) (per curiam), or are foreclosed by our recent decision in United States v. Meyer, No. 92-2324, slip op. at 5-7 (8th Cir. May 4, 1993), the appeal of codefendant Ronald Meyer who also pleaded guilty to Count I on April 6, 1992. We have considered and reject as meritless those remaining arguments that are not foreclosed under Farm & Home Sav. Ass'n or Meyer.
 
 
 6
 Accordingly, we affirm.
 
 
 7
 A true copy.
 
 Attest:
 
 8
 CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 [1]
 The HONORABLE WILLIAM L. HUNGATE, United States District Judge for the Eastern District of Missouri, now retired